OSCAR F. PETERSON *vs.* FRANKLIN J. ABBE.

Plymouth. November 14, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Surety. Contract,* Construction. *Limitations, Statute of. Mortgage,* Of real estate. *Damages,* For breach of contract.

The owner of certain real estate which was subject to a mortgage placed a second mortgage thereon and then conveyed it by a deed containing the provision, "Subject to a first mortgage . . . and to a second mortgage . . . which grantee assumes and agrees to pay, meaning hereby to assume and pay both of said mortgages and to hold the grantor harmless thereon." Thereafter the first mortgage was foreclosed by a sale, the proceeds of which were insufficient to pay the second mortgage note, and, its holder having recovered and collected the amount of a judgment in an action upon the note against the former owner of the real estate, such former owner brought an action against the grantee upon the agreement of indemnity contained in the deed. *Held,* that the agreement in the deed entitled the grantor to be indemnified by the grantee, not only in a sum equal to the value of the security represented by the real estate, but also against personal liability upon the mortgage note.

While the plaintiff in the action above described might have brought an action against the defendant at any time after the second mortgage note became due, he also had a right to rely upon the defendant's agreement to indemnify him against personal liability, against which right the statute of limitations did not begin to run until the agreement was broken by the plaintiff being compelled to satisfy the judgment obtained against him by the holder of the second mortgage.

The amount to which the plaintiff, in the action upon the agreement contained in the deed above described, was entitled as damages was a sum sufficient fully to indemnify him.

CONTRACT upon an account annexed for $423.33, which the plaintiff, as the maker of a note secured by a second mortgage on certain real estate, was compelled to pay to the holder of the mortgage after the premises had been sold in foreclosure of and for a sum insufficient to satisfy the first mortgage, the plaintiff after making the second mortgage having conveyed the property to the defendant by a deed containing the provision quoted below. Writ in the Police Court of Brockton dated March 16, 1916.

On appeal to the Superior Court the action came on to be heard before *Raymond*, J., upon the pleadings and an agreed statement of facts in substance as follows:

On March 26, 1907, the plaintiff owned certain real estate in West Bridgewater, subject to a first mortgage for $1,000, made by his predecessor in title, and to a second mortgage for $300 made by himself. Upon the second mortgage there was due $270. On that day he conveyed the premises to the defendant by a deed containing the provision, "Subject to a first mortgage of one thousand dollars with accrued interest held by Edith Hayward, and to a second mortgage of two hundred seventy dollars with accrued interest to Maud F. Silver, or assignee, which grantee assumes and agrees to pay, meaning hereby to assume and pay both of said mortgages and to hold the grantor harmless thereon." The principal of the first mortgage was not paid when due and it was foreclosed by virtue of the usual power of sale, on June 29, 1907, and the premises were struck off for the sum of $805.

One Blanchard and one Dole were holders in due course by mesne conveyance of the second mortgage. The plaintiff paid to them the interest and $120 on the principal of that note previous to or on February 25, 1909, and also $156.75, damages, and $12.23, costs, on September 20, 1912, at which time judgment was entered against him in a suit by Blanchard and Dole upon the second mortgage note. The premises in question were worth, up to and at the time of the foreclosure of the first mortgage, a sum not less than $1,300.

The action was reported by the judge upon the pleadings and agreed facts for determination by this court.

*R. W. Higgins*, for the plaintiff.

*W. G. Rowe*, for the defendant.

BRALEY, J.　The property conveyed by the plaintiff to the defendant was subject to a first and second mortgage which by the terms of the deed the defendant as grantee "assumes and agrees to pay, meaning hereby to assume and pay both of said mortgages and to hold the grantor harmless thereon." The principal of the first mortgage not having been paid on May 16, 1907, when it became due, foreclosure followed on June 29, 1907, and a deed was given to the purchaser under the power of sale. The foreclosure extinguished the lien of the second mortgage but not the debt, and, the proceeds of the sale having failed to pay in full the amount of the mortgage note with accruing interest, the holders brought suit against the plaintiff, and, having recovered judgment which he has satisfied, the present action is brought to recover the amount.

The defence is, that, even if the defendant undertook the payment of each mortgage, the plaintiff's cause of action accrued on May 16, 1907, and, more than six years having elapsed before the present action was begun, it is barred by the statute of limitations. R. L. c. 202, § 2, cl. 1.

The defendant, relying on *Rice* v. *Sanders,* 152 Mass. 108, also contends that, having assumed the incumbrances, he undertook not only to pay the first mortgage but to relieve the premises from the lien of each mortgage, and, the plaintiff having permitted the foreclosure, his damages for breach of the agreement are limited to the value of the security thereby lost. The agreement, however, is a contract of indemnity, whereby the defendant expressly engages to save the plaintiff harmless from payment of the second mortgage. The relation of the parties as between themselves became that of principal and surety, and while the security may be considered as a primary fund out of which the plaintiff as surety was entitled to have payment made, yet the grantee and principal undertook to relieve him from all personal liability on the mortgage note, as well as from all liability under the mortgage. *Rice* v. *Sanders,* 152 Mass. 108. The agreement by its terms is severable and an action lies for separate breaches. *Badger* v. *Titcomb,* 15 Pick. 409. *McQuesten* v. *Spalding,* 231 Mass. 301.

If it be conceded that the plaintiff might have brought suit at any time after March 26, 1907, when the balance remaining on the second mortgage was overdue and unpaid, nevertheless he has as surety the option to rely on the defendant's personal undertaking

of complete indemnity, and, until obliged to make payment, the statute did not begin to run. *Hall* v. *Thayer,* 12 Met. 130, 135. *Thayer* v. *Daniels,* 110 Mass. 345. *McQuesten* v. *Spalding,* 231 Mass. 301.

The contract having stipulated for full indemnity, the plaintiff's damages are based on the loss actually sustained, which includes not only interest but legal costs and expenses. *Montgomery Door & Sash Co.* v. *Atlantic Lumber Co.* 206 Mass. 144, 157. *Stiles* v. *Municipal Council of Lowell,* 233 Mass. 174. The plaintiff accordingly is entitled to judgment in the sum of $168.98 with interest from the date of the writ.

*So ordered.*