TUFFORD v. GORDON.

1. EVIDENCE—WRITTEN CONTRACTS—ORAL AGREEMENT PRESUMED TO
   BE MERGED.
   Where vendor and purchaser entered into a preliminary
   written agreement for the sale of an apartment house,
   which contained the details which were to go into the
   land contract to be executed later, it must be conclusively
   presumed that their entire agreement was merged into
   and became a part of the written agreement, and it is
   not subject to be varied or changed by parol testimony
   to the effect that vendor or her agent agreed to make
   certain repairs in the premises.

2. SAME—FRAUD—SUFFICIENCY OF EVIDENCE.
   Evidence held, insufficient to establish the purchaser's
   claim of fraud on the ground that the vendor misrepre-
   sented the condition of the building, or that the purchaser
   entered into the preliminary contract on condition that
   certain repairs be made to the premises.

3. SAME—ORAL AGREEMENT—COLLATERAL AGREEMENT—ADMISSIBIL-
   ITY.
   An oral agreement by the vendor to make certain repairs
   to the premises to be sold on contract is not collateral
   to the written agreement for its sale entered into later,
   rendering it admissible in evidence to vary or contradict
   the terms of the written contract.

Appeal from Wayne; Collingwood (Charles B.), J.
presiding. Submitted February 1, 1922. (Docket
No. 143.) Decided March 30, 1922.

Bill by Estelle Tufford against Louis Gordon for
specific performance of a land contract. From a de-
cree dismissing the bill, plaintiff appeals. Reversed,
and decree entered for plaintiff.

*Samuel Shimans,* for plaintiff.

*Sloman & Sigler,* for defendant.

BIRD, J.    Plaintiff is the owner of a furnished apartment building on Canfield avenue, in the city of Detroit.    About March 1, 1920, she sold the same to defendant for a consideration of $75,000.    One thousand dollars was paid down and a preliminary written agreement was made on that date, which provided in detail the agreement of the parties and provided that a land contract should be executed in accordance therewith on April 1st following.    Defendant subsequently refused to enter into the land contract and make the payments stipulated in the agreement.    Plaintiff and her agents repeatedly requested. defendant to consummate the land contract.    For several months he was evasive, but finally in the latter part of the summer he refused outright to go forward with the deal, claiming that plaintiff had agreed to make certain repairs on the building, which she had neglected or refused to make.    It was defendant's claim that this oral agreement was made before or at the time the preliminary agreement was executed.    It was not claimed that plaintiff herself made any agreement to repair the premises, but that one Kahn, who was acting for her, made the promise or agreement.    Plaintiff denies that Kahn was acting for her or had authority to act for her, and much of the briefs is directed to the question as to whether it was shown that Kahn was her agent.    It is an interesting discussion, but from our view it is not very important whether plaintiff made the oral agreement, or whether the promise was made by Kahn, representing her.    In either event the oral promise to make repairs was not admissible.    These parties reached an agreement concerning the property and entered into a preliminary written agreement, which contained the details which were to go into the land contract when made a month later.    Both parties were represented by counsel when the agreement was made.

Under these circumstances, it must be conclusively presumed that their entire agreement was merged into and became a part of the written agreement, and that it is not now subject to be varied or changed by parol testimony.    *Smith* v. *Mathis*, 174 Mich. 262; *Ogooshevitz* v. *Arnold*, 197 Mich. 203; *Ogooshevitz* v. *Sampson*, 211 Mich. 180; *Brandt* v. *Vanderveen*, 213 Mich. 121; *Davis* v. *Steingass*, 215 Mich. 57.

Analogous to this question is the oral promise of a landlord to his tenant to make repairs on premises under written lease.    With respect to such a promise it is said:

"A lease cannot be added to by showing an agreement to make certain repairs and improvements other than those, if any, stipulated for in the instrument, nor can the stipulation of the lease in regard to these matters be varied or controlled by parol."    17 Cyc. p. 624, and cases cited.

To permit the written preliminary agreement executed by the parties in this case to be affected by the claimed oral agreement to make repairs would be to vary and contradict its terms as the oral agreement would change and lessen the consideration stipulated for in the writing.

Some claim of fraud is made on the ground that plaintiff misrepresented the condition of the building. We do not find this established, nor do we find that defendant signed the preliminary agreement on condition that certain repairs would be made to the premises.

Defendant claims the parol agreement was a collateral one and admissible under the case of *Clare County Savings Bank* v. *Featherly*, 173 Mich. 292, and other cases cited.    Those cases involve collateral contracts which do not contradict or vary the written provisions of the contract and, therefore, are not applicable to the case under consideration.

The decree must be reversed and one entered decreeing specific performance of the agreement.    Plaintiff will recover her costs in both courts.

FELLOWS, C. J., and WIEST, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.