HERBERT CADY, Appellant, v. JOSEPH LYMAN, Appellee.

EVIDENCE: Parol as Affecting Writings—Enlarging Written Consideration. One who has explicitly contracted in writing to give a specified consideration for a named article or thing is not subject to an action on an alleged contemporaneous oral contract which, if maintainable, would compel him to enlarge or increase the consideration which he had agreed in writing to give.

*Appeal from Adams District Court.*—H. H. CARTER, Judge.

OCTOBER 17, 1924.

ACTION at law to recover upon an alleged oral contract, the consideration of which rested in a written contract. A demurrer to the petition was sustained on the general ground that the alleged oral agreement was a contradiction or modification of the written agreement. The plaintiff electing to stand upon his petition, judgment was entered against him for costs, and he has appealed.—*Affirmed.*

*Wisdom & Wisdom,* for appellant.

No appearance for appellee.

EVANS, J.—I. It is made to appear from the petition that, on November 18, 1918, the plaintiff and defendant entered into a written contract, whereby the plaintiff became a vendee and the defendant a vendor of a farm. Such written contract purported to be complete in all its terms. It fixed the purchase price at $24,000, and provided the terms and time of payment. The defendant went into possession of the farm pursuant to such contract. It is now averred by the plaintiff that the parties had entered into a collateral oral agreement, which is set forth in the petition as follows:

"As an inducement to plaintiff to purchase said farm and enter into said written agreement to do so, the defendant orally agreed with the plaintiff that he would sell and deliver to plain-

tiff five hundred good, merchantable posts of the best quality for use by plaintiff in repairing the fences on said farm, and plaintiff was induced to buy said farm and enter into said agreement because of said undertaking and promise of defendant to deliver to him said posts at or prior to March 1, 1919, and but for such promise and sale, plaintiff would not have entered into said contract Exhibit 'A,' neither would he have agreed to pay the consideration therein named, and the agreement of the defendant to sell, convey and deliver said posts to plaintiff, as stated aforesaid, was a part of the consideration which induced the plaintiff to execute said Exhibit 'A' and to undertake the payments therein provided.''

The claim for plaintiff is that the contract here pleaded was collateral to the written contract, and was no part thereof, and that evidence thereof was permissible on that ground. It will be noted from the petition above quoted that such contract was not *collateral*. By a collateral contract is meant one that is complete in itself, and carrying its own consideration. It must also be consistent with the writing and not contradictory thereto. Such an oral contract may be enforced pursuant to its own terms, and this notwithstanding that its subject-matter may be related to the subject-matter of the written contract. Nor is it objectionable that the one contract should operate as an inducement to the other. But the oral contract set forth in the petition is not a contract of such class. It was either a mere promise by the vendor to make a gift, or else it was a promise by the vendor to enlarge the subject-matter and to bind himself to a greater obligation than that specified in the written contract. The petition charges specifically that the consideration for the oral agreement was the agreement of the plaintiff to pay $24,000 for the farm. The attitude of plaintiff is that, in consideration of the $24,000 which he agreed to pay, not only was he to receive the farm, but the ''defendant would *sell* and deliver'' to plaintiff 500 good merchantable posts of the best quality. This latter allegation is somewhat ambiguous. If the defendant was to *sell* to plaintiff 500 posts, the law would imply a promise by plaintiff to pay the reasonable value thereof. This would leave nothing in dispute between the parties. But the construction which

the plaintiff puts upon his own pleading is that the defendant agreed to furnish an additional consideration of 500 posts; whereas, the contract provided that the plaintiff should pay $24,000 for the farm. The plaintiff alleges the value of the posts bargained for to be $175, and this is the amount which he claims to recover. The posts, as the subject-matter of the controversy, were not in existence at the time of the contract, and were not owned by the defendant. The plaintiff simply went into the market and bought them, and charges the defendant with the value thereof. Manifestly if, without any consideration moving from him, the plaintiff can add $175 to the consideration moving from the defendant vendor, he could with equal propriety have added any other sum. The effect of the alleged oral agreement is to make the defendant assume a greater burden of obligation for the consideration of $24,000 than he agreed to assume in the written contract. The oral agreement has no other consideration than that undertaken by plaintiff in his written contract. He ingrafts his oral agreement upon the written contract, and demands thereunder more than the written contract would warrant.

Appellant presents us an extensive brief, dealing with general exceptions to the rule excluding parol evidence to vary a written contract. Our cases on the subject are very numerous, and the line of distinction is quite well preserved. Sufficiently illustrative of our holdings which are applicable to the case before us is *Miller v. Morine*, 167 Iowa 287. The qualifications of the rule are noted in that case. We said therein:

"Appellee cites for our consideration a number of our cases wherein we have held parol evidence to be admissible in the presence of written instruments. They all deal with exceptions to the general rule. Generally speaking, such exceptions arise as a circumvention to fraud in some form, either as to the execution or as to the delivery of the instrument, or where the written contract is incomplete upon its face or ambiguous in its terms, or the oral agreement is independent and collateral, and rests upon its own mutual considerations. None of such exceptions are involved in the case at bar. No fraud is pleaded, and no approach to fraud is shown in the evidence." (Page 291.)

To quote still further therefrom:

"It is urged by the defendant that there was no pleading in the cited cases to the effect that the contract was partly oral and partly in writing, whereas the defendant in the case at bar has expressly pleaded that the contract of lease was partly oral and partly in writing. But it is no more competent for a party to plead a contract as partly oral and partly in writing than it is to prove it by parol, when the oral part is inconsistent with the written, or ingrafts new undertakings or covenants thereto. This proposition was emphasized in the *Kelley* case, supra, and also in *Kelsey v. Casualty Co.*, 131 Iowa 207. If the door could be opened to parol evidence, to vary a written contract, by simply pleading that the contract was partly in writing and partly oral, it would be a door that could never be closed. The practical effect of such a rule would be to wholly destroy reliance upon written contracts. All would become open to modification by the revival and substitution of antecedent negotiations."

Plaintiff herein has pleaded that his contract was partly oral and partly in writing. The foregoing excerpts from the *Miller* case are equally applicable to the case at bar.

II. We do not overlook that the plaintiff has pleaded a second count, wherein he has pleaded on the theory of an agreement of compromise. The compromise is alleged to have been had on the date of performing the written agreement, March 1, 1919. It is averred in such count that:

"The fact that the defendant promised and undertook to deliver to plaintiff, 500 good, merchantable fence posts at Corning, Iowa, of the best quality, was omitted from the written agreement, Exhibit A, was known and commented upon by both parties, but the terms of said oral agreement concerning said posts and their delivery was admitted by the defendant, and no dispute arose between plaintiff and defendant, excepting only a dispute as to the quality of posts which the defendant, by the terms of said oral contract, was bound to deliver to plaintiff. And thereupon the plaintiff refused to proceed further with said written and oral agreement, refused to pay over the money which was in part a consideration for said posts, and refused to execute the notes described in said contract, Exhibit A, unless

and until the defendant fulfilled his agreement to deliver to plaintiff the said 500 posts, and then and there, in order to induce plaintiff to execute the note and make the cash payment provided for in said agreement, Exhibit A, which was in fact in part the consideration for said posts, the defendant again orally promised and agreed with plaintiff to deliver to him immediately at Corning, in Adams County, Iowa, 500 good fence posts of the best quality; and so induced by the promise of defendant, the plaintiff paid him for said posts in and by delivering into his hands the money and instruments described in Exhibit A, which were in fact a payment for said posts; and in consideration thereof and of said payment, the defendant directed the plaintiff to go to the Wheeler lumber yard, at Corning, in Adams County, Iowa, and procure therefrom the said posts, and that he, the said defendant, would make payment therefor.''

See, also, *Travers-Newton Chaut. System v. Naab,* 196 Iowa 1313.

An analysis of the foregoing allegations discloses that the second alleged promise was a mere duplication of the first, and was supported by precisely the same consideration. There was no yielding of any ground by the plaintiff, so far as the oral agreement was concerned. Whether his position would have been any better in a legal sense if the parties had compromised on a smaller number of posts than the number claimed by the plaintiff, we need not consider. The original agreement was for 500 posts. The second one was for the same number. If the second promise was good, then the first was good, and vice versa; because the consideration of each was professedly included in the execution and performance of the written contract. We think that this second count adds nothing to the position taken by plaintiff on his first count.

The trial court properly sustained the demurrer. Its judgment is, accordingly, affirmed.—*Affirmed.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.