[Civ. No. 5569. Second Appellate District, Division One.—November 1, 1929.]

JOHN H. PESCHONG et al., Respondents, v. ALICE M. MADDEN et al., Appellants.

George Acret for Appellants.

Max Brown and Brown & Mahon for Respondents.

HAHN, J., *pro tem.*—The action which gives rise to this appeal is one wherein plaintiffs, as buyers of certain real property, sought to recover from the defendants, one of whom was the owner of the property and the other the agent of the owner, a judgment for the sum of $300 paid on account of the purchase price. From a judgment in favor of plaintiffs for the sum of $300, as prayed for, the defendants appeal.

On the lot in question, at the time the negotiations for its sale and purchase were consummated, a house was in the course of construction under the direction of defendant Gordon W. Madden, who was the agent and son of defendant Alice M. Madden, owner of the property. The negotiations for the purchase were concluded on or about March 27, 1924, and escrow instructions were signed and filed with

the escrow agent, the Venice City Bank, on or about March 31st. These escrow instructions, among other things, provided that the purchase price of the property was to be $7,250, which sum was to be paid as follows: The sellers were to place a first mortgage lien on the property for the sum of $3,400, which the buyers were to assume and pay. In addition, the buyers were to execute their promissory note for $2,350, payable to Alice M. Madden, the owner, and also a trust deed securing the same, which would be placed on the property as a second lien. The balance of the purchase price, to wit, $1500, was to be paid in cash. Four hundred dollars of that sum was paid at the time of or prior to the signing of the escrow instructions, and the remaining $1100, according to the escrow instructions, was to be paid "on demand." There was no provision in the escrow instructions as to when the building in course of construction was to be completed; but the escrow instructions did contain a clause which reads as follows: "Possession to be given upon completion of buildings." The instructions further contained a clause providing for the closing of the escrow within sixty days from the date thereof; but it was therein provided that in the event the escrow was not completed within that time, the same might be continued until either party gave notice to terminate it.

Plaintiffs in due course executed the $2,350 note and trust deed and delivered the same in escrow, but they never did pay into escrow, or to the sellers, the $1100 in cash, or any part thereof, which the escrow instructions provided was to be paid "upon demand."

On July 11, 1924, plaintiffs served upon defendants a written notice of rescission containing the following declaration: "This action is taken at this time because of a material misrepresentation made by you all during the time of our negotiations, that fact being statements made by both of you that the first lien on said property, subject to which we would take title, was, and would be, a first mortgage, when, as a matter of fact, we have just discovered that instead of a first mortgage there is, and has been at all times subsequent to the 7th day of February, 1924, a trust deed against said property; this trust deed having been recorded April 19th of this year. Another fact which prompts this action is your failure to complete said house

on or about the 31st day of May, 1924, pursuant to your agreement.''

Having determined that the judgment must be reversed, we will limit our discussion to the points forming the basis for our conclusion.

█ It is first contended by appellants that the finding of the trial court that the defendants had agreed to build and complete the bungalow on the property on or before May 31, 1924, and the additional finding that ''the said defendants did not complete nor finish said bungalow when and as agreed,'' are not supported by the evidence. Appellants' contention in this respect must be sustained. The trial court held, and we think correctly, that the escrow instructions constituted the entire contract between the parties and measured their rights and obligations, except in so far as the issue of fraud was concerned. The allegations of the complaint charging fraud related solely to the alleged representation that the first lien which the buyers were to take the property subject to was to be a mortgage, and later the buyers discovered that the first lien on the property was a trust deed. Nowhere in the escrow instructions is there found any provision that requires the defendants to complete the bungalow on or before May 31st; nor is there any competent evidence in the record to support that finding. The plaintiff Fannie R. Peschong was permitted by the court to testify to a conversation she had with the defendant Alice M. Madden at the time the escrow instructions were signed and delivered to the bank, in which conversation she stated that the defendant Alice M. Madden said the term ''on demand,'' as contained in the escrow instructions, meant that the money would be required to be paid at the end of the escrow period upon completion of the building. Respondents argue that the finding complained of finds support in the paragraph contained in the escrow instructions that provides for a period of sixty days within which to close the escrow and the testimony of respondent Fannie R. Peschong wherein she relates her conversation with defendant Alice M. Madden concerning the meaning of the word ''demand.''

We cannot agree with the respondents' contention in this respect. The language of the escrow instructions does not justify the inference drawn by respondents. These instruc-

tions constituted the contract between the parties, and there being no allegation of fraud in connection with the drawing of the contract so far as the time of completion of the building was concerned, respondents could not add to or modify the contract, or its legal effect, by any oral testimony had prior to the execution of the contract. This proposition needs the citation of no authorities. Clearly, under the contract the sellers had a reasonable time within which to complete the bungalow, and there is nothing in the evidence that will support the conclusion that a reasonable time had elapsed at the time the notice of rescission was given.

■ Appellants next attack the findings of the court to the effect that under the terms of the escrow agreement respondents were not obligated to deposit in escrow the $1100, which was the balance of the cash payment, until the building was completed. As we have already pointed out, the escrow instructions provided that the $1100 was to be paid by the buyers "on demand." The evidence clearly showed, and in fact it is not disputed, that demand was made upon the buyers to put up the $1100 in escrow on or about April 5, 1924. There is further evidence, undisputed, that the day before the notice of rescission was given the buyers called upon the sellers and requested an extension of time within which to pay the $1100. The language of the contract that provided for payment of the $1100 "on demand" is clear and unambiguous. There is no allegation in the complaint charging fraud with regard to the insertion of this language in the contract, hence any oral testimony which would tend to modify the provision for the payment of the $1100 "on demand" would be incompetent. We feel that appellants' contention that the evidence does not support the finding under discussion is well taken.

■ The next and only other point we deem it necessary to consider is the question as to whether or not plaintiffs were entitled to rescind because at the time of giving the notice of rescission the first lien on the property in question was a trust deed instead of a first mortgage. The escrow instructions clearly provide, and in fact the testimony of respondents relating to the conversations leading up to the contract show, that the sellers agreed that *when the property was conveyed*, it was to be conveyed with a first mortgage for $3,400 as a first lien upon it. It was

clearly immaterial as to what sort of a lien was upon the property prior to the time that the sellers were obligated to convey the property. There is nothing in the record, nor would there be any presumption in law, to support a conclusion that the sellers could not at any time prior to the time that they were called upon to deliver a deed, have the first lien of the trust deed removed and a first mortgage placed upon the property. The fact that the trust deed was executed on February 7th and recorded against the property on April 19th had no bearing upon the material issues in this case. The obligation assumed by the sellers with regard to a first mortgage was that the property *would be conveyed to the buyers subject to a first mortgage for $3,400*. The evidence clearly shows that the time never arrived under the terms of the contract when the sellers were legally obligated to make a conveyance or tender a conveyance to the buyers. The condition precedent to the conveyance was the payment into escrow by the buyers of the sum of $1100 and demand of the sellers. This condition was never fulfilled, although demand was made. Hence the inevitable conclusion that the buyers were not in a position to rescind the contract on July 11, 1924.

While not necessary to support our conclusion in this matter, weight is added to it by the fact that the record discloses that no demand of any kind was ever made by the buyers upon the sellers to place a first mortgage on the property instead of the trust deed. It appears without conflict that both parties were continuing a friendly relation and no word of criticism or complaint was lodged by the buyers against the sellers either by reason of the delay in completion, as claimed by the buyers, or in respect to any other matter relating to the transaction. As we have already observed, the day before the notice of rescission was given the buyers were asking for an extension of time within which to pay the $1100 remaining on the purchase price. The conduct of the buyers in connection with the attempt to rescind does not find a basis in equitable considerations.

We do not deem it necessary to consider other questions raised and discussed in the briefs of both parties.

For the reasons we have indicated, the judgment is reversed.

Houser, Acting P. J., and York, J., concurred.