STANLEY C. NEILD, Plaintiff, *v.* LUCIAN WOODRUFF, Defendant.

Supreme Court, Broome County, July 6, 1934.

*Joseph R. Levine,* for the plaintiff, for motion.

*Frank M. Hays,* for the defendant, opposed.

PERSONIUS, J.   The plaintiff moves under rule 113, subdivision 1, of the Rules of Civil Practice, upon affidavits for a summary judgment.

It appears from the pleadings and affidavits that in 1926 the defendant gave Ernest J. Crabill a bond secured by a second mortgage.   The first mortgage, held by the Binghamton Savings Bank, was foreclosed and the mortgaged property sold to the first mortgagee about March 8, 1934.   The report of said sale, confirmed March 19, 1934, shows a deficiency on the first mortgage of about $700.   The second mortgagee, Ernest J. Crabill, was a party defendant in the action to foreclose the first mortgage.

Intermediate the commencement of that action and the sale therein, said Crabill assigned the bond secured by the second mortgage to the plaintiff.   There is due and unpaid thereon $3,000,

and interest from January 1, 1933. All the material facts are admitted by the answer except the assignment to the plaintiff. The assignment is not seriously questioned; it was produced upon the argument and has since been recorded.

For a separate defense the defendant pleads the so-called "Emergency Mortgage and Bond Relief Act," particularly section 1083-b of the Civil Practice Act. The defendant further alleges that the fair and reasonable market value of the mortgaged property was and is in excess of the amount of the second mortgage bond and prior liens and incumbrances, including the first mortgage. He takes the position that the property being worth more than the amount of the first and second mortgages, it was incumbent upon the second mortgagee to protect himself on the foreclosure sale under the first mortgage.

The defendant argues at length that the plaintiff, assignee, is in no better position than his assignor and that the Emergency Relief Act is constitutional. With these propositions we fully concur.

Where, as in the present case, a second mortgagee's security has been lost by the foreclosure of the first mortgage, the second mortgagee being a party to the action to foreclose the first mortgage, section 1083-b has no application. (*Weisel* v. *Hagdahl Realty Co., Inc.*, 241 App. Div. 314.) The defendant does not seek to distinguish this case but contends that it misinterprets the statute and is not in accord with the intent of the Legislature or the principles laid down by the Court of Appeals and the Supreme Court of the United States. We not only feel bound by the decision in *Weisel* v. *Hagdahl Realty Co., Inc.* (*supra*), but concur in its interpretation of the statute. The mortgagor had the benefit of the proceeds of the junior mortgage. It would, we think, be unwarranted and unreasonable to place on the junior mortgagee alone the burden of protecting his bond upon the first mortgage foreclosure sale. To do so would compel the junior mortgagee to assume all the risk and to advance cash or otherwise finance the first mortgage, accrued interest, taxes and foreclosure costs.

Motion granted. Submit order accordingly.