JOHN SIMS, Appellant, *v.*
MARGIE GRUBB, Respondent.

No. 4114

March 17, 1959                    336 P.2d 759

*Toy R. Gregory,* of Las Vegas, for Appellant.

*Howard W. Cannon, Ralston O. Hawkins and Thomas J. O'Donnell,* of Las Vegas, for Respondent.

**OPINION**

By the Court, McNAMEE, J.:

This is an appeal from a judgment and an order denying a new trial.

Appellant agreed to sell to respondent, and respondent agreed to buy from appellant a house and lot for the sum of $9,000 payable as follows: $200 cash, assumption by the buyer of a prior note and deed of trust covering the premises, upon which there was an unpaid balance of $2,100.96, and a promissory note for the balance in the sum of $6,699.04 secured by a second deed of trust. The agreement was evidenced by a document entitled "Escrow Instructions" signed by both parties. Appearing above the buyer's signature are the words: "I have read over the foregoing instructions and agree to buy the property described on the terms and conditions herein set forth * * *."

It was also provided in the escrow instructions that the seller would give the buyer a bill of sale to a portable heater that was in the house.

Pursuant to said agreement the appellant delivered to the respondent possession of the premises, a deed thereto, and the bill of sale, and she in turn delivered to the appellant the $200 and the note for $6,699.04 together with the deed of trust securing the same, and specified in this latter instrument that she would assume the payment of the prior obligation against the prem-

ises. In other words, the contract was fully performed. After making two payments on the note secured by said first deed of trust, respondent defaulted in the third payment. The holder then caused notice of default to be given, the property was sold at public auction and the appellant became the buyer thereof for the sum of $2,500. Appellant acquired possession of the property and then this suit against respondent followed for the balance then due on the $6,699.04 note. Respondent had held possession of the property approximately ten months.

The controversy chiefly concerns the third defense in respondent's answer wherein she alleges that "plaintiff agreed to sell, and defendant agreed to purchase the property * * * and in connection with said purchase, defendant executed Exhibits A and B (note for $6,699.04 and deed of trust securing same). That at the same time plaintiff stated and represented to defendant that he would remodel the carport on the premises into a storeroom; that he would re-plaster the outside of the building; and that he would hang several doors throughout the interior of the premises. That because of said representations made by plaintiff to defendant, defendant executed the promissory note sued on and would not have otherwise. That plaintiff never did commence the work he agreed to do although requested by defendant to do so and by reason thereof the said promissory note was obtained from defendant by the fraud and false representations of the plaintiff, and is without consideration and void."

Evidence of such a preliminary agreement was received over the objection of the appellant that the same was in violation of the parol evidence rule. The appellant thereafter testified that no such preliminary agreement was ever made. Appellant's motion for a directed verdict was denied and the court instructed the jury to consider this evidence and if it found such an agreement was made and not performed by the appellant, "and that as a result of such failure the defendant did not receive any consideration for the note,

you will find in favor of the defendant and against the plaintiff." The jury thereupon brought in a verdict for the defendant.

It is apparent from the record that the trial court in admitting oral evidence of a preliminary agreement was influenced by the decision of this court in the case of Dixon v. Miller, 43 Nev. 280, 184 P. 926, 1927. In that case suit was upon a promissory note and the oral evidence was received not to vary the terms of a written instrument but merely to impeach the fact that there had been any consideration. "The real consideration for a promissory note is never apparent from its face. No conclusive presumption arises from the words 'for value received,' and when a note is challenged for want of consideration the fact must be learned from extrinsic evidence which relates to the point of time when the note was executed and discloses the dealings between the parties."

The situation here is entirely different. In this case there was more than a mere note executed by the respondent. There was also a written agreement (escrow instructions) where the nature of the consideration for the note was expressly set forth. It is not contended that there was any failure of consideration so expressed, the respondent receiving not only the deed and bill of sale but also possession of the property for approximately ten months. She can no more contradict or vary the terms of that written agreement by oral testimony of other and additional consideration promised for the note than could the appellant have shown by parol evidence that respondent had agreed to pay him a greater sum for the property than that expressed in the written agreement.

The court erred in admitting such evidence of an oral agreement as its sole purpose was to vary the terms of the written contract of the parties.

"When parties reduce their contract to writing, all

oral negotiations and agreements are merged in the writing, and the instrument must be treated as containing the whole contract, and parol proof is not admissible to alter its terms, or to show that instead of being absolute, as it purports to be, it was in reality conditional, unless the party attacking the instrument can establish fraud or mistake in its execution." Gage v. Phillips, 21 Nev. 150, 26 P. 60, 61.

In Peschong v. Madden, 101 Cal.App. 632, 281 P. 1068, the court held that the escrow instructions constituted the entire contract between the parties, and measured their rights and obligations, and oral testimony was improperly received which tended to add to and modify the contract.

It was held in Tufford v. Gordon, 217 Mich. 658, 187 N.W. 264, that, in a suit by the vendor for specific performance, brought against the vendee, it would be conclusively presumed that the entire agreement merged in and became a part of the written contract, and that the same could not be varied or changed by parol testimony as to an oral agreement by the vendor to make certain repairs on the building, which it was contended he had neglected or refused to make. The court said that to permit the agreement executed by the parties to be affected by the claimed oral promise to make the repairs would be to vary and contradict the terms of the contract, since the oral agreement would change and lessen the consideration stipulated for in the writing. It was held that the oral agreement could not be shown on the theory that it was a collateral one, since only collateral contracts not contradicting or varying the written provisions of the contract may be shown.

To the same effect: Mitchill v. Lath, 247 N.Y. 377, 160 N.E. 646, 68 A.L.R. 239; Cady v. Lyman, 198 Iowa 661, 200 N.W. 190.

That the parties intended the written agreement to contain their entire engagements is apparent from respondent's express statement as aforesaid that she agreed to buy the property on the terms and conditions therein set forth, and there is no evidence in the record

to substantiate any claim of fraud on the part of the appellant.

Respondent contends that inasmuch as the sale under the first trust deed discharged the second trust deed, her liability on the note it secured likewise was discharged. It was no fault of the appellant that the security for his note was lost. The fault is rather with the respondent for failing to pay the obligation under the first trust deed and thus causing the sale.

The following authorities hold that foreclosure of the first mortgage does not extinguish the liability of the maker of the second mortgage note upon loss of the mortgage security through the foreclosure of the first mortgage. Blackwood v. Sakwinski, 221 Mich. 464, 191 N.W. 207, 29 A.L.R. 1314; Neild v. Woodruff, 152 Misc. 390, 273 N.Y.S. 528; Sautter v. Frick, 229 App.Div. 345, 242 N.Y.S. 369; Weisel v. Hagdahl Realty Co., 241 App. Div. 314, 271 N.Y.S. 629; Peterson v. Abbe, 234 Mass. 467, 125 N.E. 611; 2 Wiltsie, Mortgage Foreclosure (4th Ed.) sec. 1038; 59 C.J.S. Mortgages, sec. 523, n. 20, sec. 704, n. 68.

"A deed of trust executed as security, conditioned to be void on payment of the debt, and containing a power of sale on default, is essentially a mortgage, and does not differ, in its legal operation and effect, from an ordinary mortgage with power of sale * * *." 59 C.J.S. Mortgages, sec. 6.

The written agreement of the parties consisting of the escrow instructions, the note, and the deed of trust, together with performance thereunder and the default of respondent having been proven without contradiction, there was no controversial fact which properly could go to the jury; consequently, appellant's motion for a directed verdict should have been granted.

Reversed and remanded with instructions that judgment be rendered in favor of appellant in the sum of

$6,612.28 with interest thereon at the rate of six per-cent from March 5, 1957 together with such sum as the district court may fix as attorney fees.

MERRILL, C. J. and BADT, J. concur.