## RUSSELL v. LA ROQUE & HATCH.

1. A surety, received a promissory note from the principal debtor, as an indemnity, which he afterwards handed over to the creditor, as a collateral security, by whom suit was brought upon it; the creditor cannot recover upon the note, if the statute of limitations has effected a bar in favor of the surety, upon the principal debt.
2. If the note received by the surety as an indemnity, was handed to the creditor in payment of his liability, it would be no defence to the principal, when sued on the substituted note, that the statute of limitations had created a bar to the suit, upon the original debt.

Error to the Circuit Court of Sumter. Before the Hon. S. Chapman.

ASSUMPSIT by plaintiff in error, on a promissory note for $700, due first March, 1839. Amongst other pleas, the defendants filed a plea *puis darrein continuance*, the substance of which is, that the note sued on, was given by defendants, to plaintiff, to protect him, and one Lewis, from the consequences of their being surety, for La Roque, on a note for about the same amount, to the Tombeckbee Railroad Company. That since this suit was commenced, six years had elapsed, and the bar of the statute of limitations had become complete, as against the note given to the company; and thereby Russell, and Lewis, were fully protected, and discharged from all liability on the note to the company.

Several replications were made to this plea, two of which only need to be noticed, the fourth and fifth. The fourth is, that on the day of the commencement of this suit, the plaintiff turned out the note in suit, to be collected, and the proceeds applied to the payment of the note held by the company; and that this suit is prosecuted, for the benefit of the company, and to pay said note, and that thereby the plaintiff had waived the statute pending this suit.

The fifth asserts, that on the day of the commencement of this suit, the plaintiff turned out the note sued upon, in pay-

ment, and discharge of the note held by the company, and that the company is prosecuting this suit, in the name of the plaintiff, for the purpose of collecting the same, and when collected, to be in payment of the debt, &c.

To these replications, the defendant demurred, and the court sustained the demurrers to both replications, and rendered judgment for the defendants, which is the matter now assigned as error.

BALDWIN, for plaintiff in error, insisted—

1. That the plaintiff, the surety, was not bound to plead the statute of limitations. ‎Ford v. Keith, 1 Mass. R. 139 ; Burge on Suretyship, 369.

2. That if the turning out the note by Russell to the Tombeckbee Railroad Bank was an admission of the principal debt, the continuing to prosecute the suit was a continuing admission. See this case, 11 Ala. R. 388.

3. That the statute of limitations had no effect as to Lewis, who lived in another State. See 7 Leigh R.

4. That at the time of suit, the plaintiff, Russell, had a right to sue and recover judgment, as this court have heretofore determined ; and, transferring the note to the creditor, the bank, it then had the same right ; and the intervention of the statute bar during the pendency of the suit on the note turned out to plaintiff, does not defeat the action. The surety, Russell, then had an immediate right to the money in the note, and by the transfer, the bank had the same right.

5. By turning out the note as collateral security to the principal debt, with directions to apply the proceeds to the payment of the principal debt, the bank's attorney acted, in receiving the note and suing on it, and would act, in receiving and applying the money, as trustee and agent of the plaintiff, Russell, at least, in part.

6. In equity, the creditor was entitled to the securities of his debtor ; and when the debtor transferred the possession of the security, the creditor was entitled to receive the proceeds; and the security might remain, even if it were shown, as it has not been, that the principal debt has been extinguished. See 1 Ala. 708 ; 2 Id. 331, 400 ; 4 Id. 223 ; Eastman v. Foster, 8 Metcalfe, 19.

REAVIS, contra.

DARGAN, J.—This cause has been tried before this court, and the rules applied to it then, is the law of it now. It was decided in 11 Ala. Rep. 388, that this note, although given as an indemnity against the note held by the company, could be sued, before the securities had paid the note on which they were bound.

It was further held, that the handing over of the note sued on, to the company, for the purpose of collection, and when collected, to be applied to the note held by the company, was an admission by the plaintiff, of his indebtedness on said note, and that the statute of limitations of six years, would commence running from the time such admission was made.

The rule laid down in this case then, must govern it now, and under the decision before referred to, the original debt to the company is now barred, notwithstanding this suit. The handing over of this note, on the day the suit was brought, was an admission of the indebtedness at the time; suit could have then been commenced on such admission, or promise, but the plea avers, that since then six years have elapsed, and that the statute bar is perfected; and the only question is, if the note sued on was handed over as collateral security merely, can it be recovered after the original debt is barred by the statute? If the suit had been brought by Russell on his own account, as he had the right to do, could he now recover? He has paid nothing, and the debt on which he is security, is now barred by the statute; can he now revive the debt so as to bind the principal? This question is settled in this court, in the case of Lowther v. Chappell, 8 Ala. Rep. 356. If he could not revive the original debt by a new promise, and is now protected by the statute, which he cannot waive, as to the defendants, he could not recover on this collateral security. If, then, the suit had been brought by Russell on his own account, the bar to the debt, on which he is security, would defeat his recovery in this suit.

Does the plaintiff stand in a better condition, having handed it over to the company, merely as collateral security? The company holds the note, in the same plight and condition that Russell held it, and cannot recover, if Russell could

not. See Bank of Mobile v. Hall, et al. 6 Ala. Rep. The court therefore did not err, in sustaining the demurrer to the fourth replication.

I at first was inclined to think, that the company held it in a different, or a better right than Russell did, although Russell handed it over as collateral security merely; but on reflection, we are satisfied, that their rights are equal, and no more, to the rights of Russell. They gave up nothing for it; they did not even promise to indulge Russell, in consideration of the transfer to them.

But the fifth replication avers, that the note was handed over to the company, in payment and discharge of the note held by the company, and the demurrer to this replication was sustained. This was clearly erroneous. The note sued on was given as a protection to Russell; he had a right to use it for that purpose, and if he handed it over to the company in extinguishment of the liability he had incurred, as the security of La Roque, it then answered the purpose for which it was intended, and he had the right so to use it. For this error, the judgment must be reversed, unless it appear, that the error worked no prejudice to the plaintiff.

The evidence is not set out on the record, and we do not know what it was, nor what proof the plaintiff could, or would have introduced, if the defendant had been compelled to take issue on this replication. We cannot therefore say that he has suffered no injury by the error; and with the view of ending the litigation in this cause, we will lay down three rules, by which this suit should be tried.

1. If the note sued on, was handed over to the company, or its agent, as collateral security merely, for the debt on which Russell was liable, the note cannot be recovered, if the original debt is barred by the statute.

2. But if the note was handed over, in extinguishment or payment of the debt on which Russell was security, then the plaintiff ought to recover.

3. The original debt is barred by the statute of six years, from the time this note was handed over, unless there was an express agreement between Russell and the company, that he should not be sued, during the pendency of this suit.

If the issue shall be finally found for the defendant on the

plea *puis darrein continuance*, the plaintiff will recover cost up to the time of filing that plea, and the defendant will recover his cost subsequently accruing.

Let the judgment be reversed, and the cause remanded.