CONWAY SAVINGS BANK *vs.* CLYMAN VINICK.

Hampden.   September 21, 1933. — September 11, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Mortgage,* Of real estate: extension, foreclosure. *Surety. Auction.*

The general rule, that the granting by a mortgagee of land, to one to whom the mortgagor has conveyed the land "subject to" the mortgage, of an extension of time for payment of the mortgage note, releases the mortgagor from liability to the mortgagee for a balance remaining due on the note after a sale in foreclosure of the mortgage if the mortgagor does not consent to such extension, does not apply where the making of the agreement of extension was negotiated for and procured by the mortgagor.

According to the terms of a sale in foreclosure of a mortgage, a purchaser was required to make a deposit in cash at the time of purchase.   The mortgagor and the mortgagee bid at the sale.   After several successive bids, the mortgagee bid a certain amount, which was higher than previous bids, and then inquiry was made whether the mortgagor was prepared to comply with the requirement as to a cash deposit, and he stated that he would give a check.   The auctioneer stated that he could not accept a check, but would postpone the sale

for sufficient time to enable the mortgagor to procure the sum required. The mortgagor refused the offer and stated that the auctioneer was bound to accept his check. The mortgagee thereupon withdrew his bid, the auctioneer announced that all previous bids were rejected, the property again was put up for sale, the notice again was read, the mortgagee bid a less amount than he previously had bid, and, there being no other bid, the property was sold to him for that smaller amount. The mortgagee acted in good faith. The mortgagor claimed a credit on his note of the larger amount first bid by the mortgagee. *Held*, that

(1) The mortgagee had a right to withdraw his larger bid, it not having been accepted by the auctioneer;

(2) In the circumstances, the auctioneer did not violate any legal right of the mortgagor in putting the property on sale a second time and in selling it for the smaller sum to the mortgagee, who was the only bidder;

(3) The mortgagor was not entitled to the credit which he sought.

CONTRACT against a mortgagor of real estate for a deficiency alleged to remain due upon the mortgage note after a sale in foreclosure of the mortgage. Writ dated June 29, 1932.

In the Superior Court, the action was heard by *Broadhurst*, J., without a jury. Material facts are stated in the opinion. The judge found for the plaintiff in the sum of $3,575.99, and reported the action to this court as stated in the opinion.

*J. H. Mulcare*, for the defendant.

*J. B. Cowett*, for the plaintiff.

DONAHUE, J. The plaintiff, the payee named in a note for $8,000 secured by a mortgage of real estate, having foreclosed its mortgage and purchased the real estate at the foreclosure sale for $5,000, has brought this action against the defendant as maker of the note for the balance due thereon after crediting the amount for which the plaintiff purchased the property at the foreclosure sale. A judge of the Superior Court sitting without jury found for the plaintiff in the amount claimed by the plaintiff. At the request of the defendant, who through inadvertence failed seasonably to file exceptions as he in good faith intended to do, the judge reported the case for the determination of this court "upon the following questions": "1. Did the evidence as a matter of law require a find-

ing that the defendant was entitled to be credited on the mortgage debt with the payment of $7,000? 2. Did the evidence as a matter of law warrant the finding that the defendant was not exonerated from the payment of the mortgage debt by the extension of the mortgage? 3. Did the evidence as a matter of law require a finding that the bid of J. Howard Jones for $7,000 was to be credited to the defendant on the mortgage note? 4. Did the evidence as a matter of law warrant the finding that the plaintiff by its conduct of the foreclosure sale did not violate the rights of the defendant?"

Before the mortgage note became due the defendant conveyed the real estate which secured it to one Fagioli and his wife "subject to" the plaintiff's mortgage. The grantees as the only consideration for the conveyance gave to the defendant their note for $10,350 payable, in varying amounts, within eight years, and secured by a second mortgage on the real estate purchased. At the time of this transaction the defendant assured the grantees that when the plaintiff's mortgage fell due the time of payment would be extended by the plaintiff for a further period of three years. No request was made when the mortgage became due for such an extension and about a year later the plaintiff wrote to Fagioli informing him that a payment of $100 every six months on account of the principal of its mortgage would thereafter be required. He showed the letter to the defendant and reminded him of the assurance made at the time of the conveyance to the grantees that the time for payment of the mortgage would be extended. The defendant and not the grantees entered into negotiations with the plaintiff and by his efforts finally secured a written extension of the mortgage. It was signed by Fagioli and by the plaintiff and recorded. The trial judge found that neither the plaintiff nor the defendant intended that the latter should thereby be released on the note for $8,000 signed by him.

The deed of conveyance from the defendant mortgagor to his grantees did not provide that they assumed and agreed to pay the mortgage debt. If it had contained such

a provision, as between the parties themselves, the grantees would be the principal debtors and the mortgagor a surety for the payment of the debt by the grantees. *Codman* v. *Deland*, 231 Mass. 344. *Bloch* v. *Budish*, 279 Mass. 102. Where, as here, a mortgagor conveys mortgaged land "subject to" the mortgage, a relation having the characteristics of suretyship also arises. So far as regards the mortgagor and his grantee, the grantee becomes the principal debtor and the land a primary fund which the mortgagor is entitled to have applied to the payment of the mortgage debt. *Pratt* v. *Buckley*, 175 Mass. 115. *North End Savings Bank* v. *Snow*, 197 Mass. 339. *Silverstein* v. *Saster*, 285 Mass. 453. Under either form of reference to the mortgage in a deed conveying the equity, the mere existence of a surety relationship does not affect the existing rights of the mortgagee against the mortgagor. *Phillips* v. *Vorenberg*, 259 Mass. 46. He may still look to the mortgagor for payment and to the land secured by the mortgage but he acquires no right to collect from the grantee personally. *Bloch* v. *Budish*, 279 Mass. 102, 106. But a mortgagee with knowledge of such a relationship between the mortgagor and his grantee may, ignoring the existence of that relationship, so deal with the grantee with reference to the mortgage debt and its security as to terminate the mortgagee's right to recover from the mortgagor on the note, that is, by interference with the right of the mortgagor against his grantee, acquired because the conveyance was subject to the mortgage, to have the land applied to the payment of the mortgage debt. If such a mortgagee without the consent of the mortgagor sees fit to make a valid and binding agreement with the grantee extending the time of payment of the debt and obligating the grantee to pay it, he can no longer hold the mortgagor. *North End Savings Bank* v. *Snow*, 197 Mass. 339. *Lewis* v. *Blume*, 226 Mass. 505. *Phillips* v. *Vorenberg*, 259 Mass. 46. See also *City Institution for Savings* v. *Kelil*, 262 Mass. 302; *Maglione* v. *Penta*, 266 Mass. 413. This is an application of the general rule that a creditor who gives further time for payment to a principal releases a surety unless the surety

consents to the extension of time given or the creditor reserves his right against the surety. *Manufacturers' Finance Co.* v. *Rockwell,* 278 Mass. 502, 505, and cases cited. This rule on which the defendant relies has no application to the facts in the present case. He manifestly consented that the extension of time be given. He did much more than consent. It was for his interest and benefit as the holder of a second mortgage which the mortgagors named therein were unable then to pay that the extension of time be given. He, and not his grantees, negotiated with the plaintiff. It was through his efforts that the extension agreement was obtained. The second question presented for the determination of this court must be answered in the affirmative.

The other three questions reported have to do with the conduct of the foreclosure sale under the plaintiff's mortgage. The trial judge found that all the requirements of the power of sale and of the law relative to foreclosure were complied with by the plaintiff. At the opening of the sale the auctioneer read the foreclosure notice as advertised in the newspaper. According to the terms of sale a purchaser was required to make a deposit of $800 in cash at the time of purchase and to pay the balance of the purchase price in cash within ten days. An agent of the plaintiff made the first bid of $5,000 and then successive bids were made by the defendant, by the plaintiff's agent and by one Aubrey until the plaintiff's agent made a bid of $7,000. At that time inquiry was made whether the defendant and Aubrey were prepared in the event the property was struck off to either of them to comply with the terms of sale and make a deposit of $800 in cash. Aubrey stated that he had no money and no intention to purchase the property and that he was present only at the defendant's request to bid for him. The defendant said he would give his check as a deposit in the event that he purchased the property and that the auctioneer or the plaintiff's agent might call up the bank and make certain that his check would be good. He produced no check nor check book and did not say on what bank his check would be drawn. He was told that the auctioneer had no authority to accept a check but that

if he so desired the sale would be postponed for half an hour to enable him to procure the amount of the required deposit in cash.   He declined this offer after withdrawing for a time to consult his attorney over the telephone, saying upon his return that the auctioneer was bound to accept his check if tendered as a deposit.    The plaintiff then withdrew its bid of $7,000 and the auctioneer announced that all previous bids were rejected.   He again read the notice of foreclosure and put the property up for sale a second time.   The plaintiff's agent made a bid of $5,000, there was no other bid, and the property was sold to the plaintiff for that amount.   A foreclosure deed of the property to the plaintiff was later duly recorded.

A bidder at an auction sale in effect makes an offer to purchase the property in accordance with the terms of the sale, for the amount of his bid.   Until the auctioneer in words or by appropriate acts signifies the acceptance of the amount offered by the bidder no legal obligation of the bidder arises, and a bidder up to the time his offer is so accepted may withdraw his bid.   Although the plaintiff's agent made a bid of $7,000, that bid was effectively withdrawn before there was an acceptance by the auctioneer and the plaintiff did not become the purchaser of the property at that price.   The defendant or his agent Aubrey did not ask that the property be sold to one of them on the last bid preceding that of the plaintiff's agent.   Neither one was able to comply with the terms of the sale and the defendant refused the opportunity to go and get the cash requisite under those terms to make a purchase.   In these circumstances the auctioneer did not violate any legal right of the defendant in putting the property on sale a second time and in selling it to the plaintiff who was the only bidder. *Wing* v. *Hayford,* 124 Mass. 249.   *Stevenson* v. *Dana,* 166 Mass. 163.   *Gilson* v. *Nesson,* 208 Mass. 368, 371.   *Giolitto* v. *Dingolo,* 251 Mass. 38.   See also *Fall River Savings Bank* v. *Sullivan,* 131 Mass. 537.   The trial judge found on all the evidence that the plaintiff acted in good faith and with proper regard for the defendant's rights in the conduct of the foreclosure sale and that the price obtained was fair

under the circumstances. The answer to the first and third questions reported must be in the negative and the answer to the fourth question in the affirmative. Judgment is to be entered for the plaintiff on the judge's finding.

*So ordered.*