JOHN P. NUTTER *vs.* PAWEL MROCZKA.

Middlesex.    October 6, 1937. — June 26, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Contract,* What constitutes, Implied, To pay mortgage. *Deed,* Accept-
ance, Of real estate subject to mortgage. *Mortgage,* Of real estate:
conveyance subject to mortgage. *Limitations, Statute of. Payment.*
*Practice, Civil,* Case stated; Requests, rulings and instructions.

A payment by the grantee of a mortgagor to the mortgagee of interest
due on an interest bearing mortgage note after the date when the
principal became due tolled the running of the six-year period of
the statute of limitations which otherwise would have barred an
action against the grantee to enforce his liability under the simple
contract which arose when he accepted, without signing, a deed con-
taining a provision that he assumed and agreed to pay the mortgage.
Errors in rulings upon requests presented at the hearing of an action
upon an agreed statement of facts were not prejudicial where they
did not vitiate a finding required as a matter of law by the facts
agreed upon.

CONTRACT. Writ in the District Court of Lowell dated
October 19, 1936.

A report by *O'Donnell,* J., who found for the plaintiff in
the sum of $378.57, was ordered dismissed by the Appel-
late Division for the Northern District. The defendant
appealed.

The case was submitted on briefs.

*F. C. Zacharer,* for the defendant.

*H. L. McLaughlin,* for the plaintiff.

FIELD, C.J. This action of contract was brought in
the District Court — by writ dated October 19, 1936 — to
recover damages from the defendant because of his failure
to pay a mortgage that he assumed and agreed to pay on
real estate that the plaintiff sold to the defendant.

The case was heard upon an agreed statement of facts,
which included the following facts: "The plaintiff pur-
chased the property on July 17, 1923, and on the same
day placed a mortgage thereon for $1200 running to the

Lowell Institution for Savings securing a note for the same amount to the said bank due and payable in one year from its date and carrying 6% interest per annum payable semiannually. . . . In the deed from the plaintiff to the defendant, it was provided that 'this conveyance is made subject to a mortgage of . . . $1200 to the Lowell Institution for Savings which the grantee assumes and agrees to pay.' Acceptance of the deed and possession of the premises were made by the defendant on July 28, 1923, the date of the deed. This deed was under seal and it was duly recorded . . . and was admitted in evidence. Thereafter, the defendant paid the interest to the bank each six months as it became due until the payment of interest due July 17, 1936, when he failed to pay it and informed the bank that he would no longer make payments of the interest. . . . The mortgagee . . . foreclosed the mortgage on September 24, 1936, and sold the premises to itself for $850 and foreclosure deed was duly recorded on September 26, 1936. Demand was made on the plaintiff by the mortgagee for the deficiency of $350, plus interest and costs of $28, making a total of $378 due the bank. The plaintiff has not paid any part of the deficiency and claims this amount of $378 from the defendant."

The plaintiff made requests for rulings which were granted, and the defendant made requests for rulings, of which some were granted and others were denied. There was a finding for the plaintiff, and a report to the Appellate Division which was dismissed. The defendant appealed.

The only contention made by the defendant is that recovery by the plaintiff is barred by the statute of limitations because the action was not commenced within six years from July 17, 1924, the day when the mortgage became due. This contention cannot be sustained.

The deed from the plaintiff to the defendant does not appear to have been signed and sealed by the defendant, and consequently he was not bound by it as by a deed. The defendant, however, by accepting this deed containing the provision that he "assumes and agrees to pay" the mortgage became bound to do so by reason of his promise

implied from such acceptance, whereby an obligation was created in the nature of a simple contract, and not in the nature of a contract under seal. *Pike* v. *Brown*, 7 Cush. 133, 134. *Locke* v. *Homer*, 131 Mass. 93, 102. *Goodenough* v. *Labrie*, 206 Mass. 599, 601. *Costa* v. *Sardinha*, 265 Mass. 319, 321. See also *Everett Factories & Terminal Corp.* v. *Oldetyme Distillers Corp.* 300 Mass. 499, 503–504. This distinction was marked, while the old forms of action were retained, by the fact that the grantee must be sued in assumpsit, and not in covenant. See *Locke* v. *Homer*, 131 Mass. 93, 102. By reason of the nature of the obligation the applicable statute of limitations is not the twenty-year statute applicable to actions "upon contracts under seal," G. L. (Ter. Ed.) c. 260, § 1, First, but rather the six-year statute applicable to actions "of contract founded upon contracts or liabilities, express or implied, except actions limited by the preceding section." c. 260, § 2, First. See *Willard* v. *Wood*, 164 U. S. 502, 520; *Taylor* v. *Forbes' Administrator*, 101 Va. 658, 663, 665; *Bishop* v. *Douglass*, 25 Wis. 696. See also cases collected in 51 Am. L. R. 981. In jurisdictions where a different conclusion has been reached the obligation of the grantee to assume and pay a mortgage implied from the acceptance of the deed has been regarded, contrary to the long established law of this Commonwealth, as an obligation in the nature of a contract under seal. See *Brownson* v. *Hannah*, 93 Fla. 223, 227, 231; *Skeen* v. *Glower*, 174 Ga. 510; *First National Bank of Berwyn* v. *Raymer*, 180 Okla. 529, 531–532; *Bracklein* v. *Realty Ins. Co.* 95 Utah, 490, 503–504.

The implied contract of the defendant to assume and pay the mortgage bound him to pay the note secured thereby at its maturity, that is, on July 17, 1924. *Braman* v. *Dowse*, 12 Cush. 227, 229. *Locke* v. *Homer*, 131 Mass. 93, 105. This is the force not only of the word "pay" (see *Rice* v. *Sanders*, 152 Mass. 108, 111), but also of the word "assumes." See *Locke* v. *Homer*, 131 Mass. 93, 109. Indeed, the defendant's agreement was to pay on that date an amount which would discharge both the note and the mortgage given to secure it. *Locke* v. *Homer*, 131 Mass.

93, 97, 108. *Rice* v. *Sanders*, 152 Mass. 108, 110. *Costa* v. *Sardinha*, 265 Mass. 319, 321. In the present case, therefore, upon failure of the defendant to pay the note at maturity — July 17, 1924 — a cause of action for the amount due thereon immediately accrued to the plaintiff though the plaintiff had not paid the note or sustained any loss by reason of nonpayment. *Furnas* v. *Durgin*, 119 Mass. 500, 506–508. *Locke* v. *Homer*, 131 Mass. 93. *Muhlig* v. *Fiske*, 131 Mass. 110, 113. The amount recoverable, however, where, as here, there has been a foreclosure of the mortgage, ordinarily would be limited to the amount remaining due after such foreclosure. *Gerber* v. *Berstein*, 295 Mass. 132. Compare *Rice* v. *Sanders*, 152 Mass. 108.

Sometimes a deed provides expressly not only that the grantee shall pay the mortgage, but also that he shall save the grantor harmless, that is, indemnify him for any loss sustained. Such a provision in a deed does not restrict the effect of the grantee's promise, implied from acceptance of the deed, to pay the mortgage. *Locke* v. *Homer*, 131 Mass. 93, 109. Where a deed is in this form the grantor, it seems, has the option to bring suit upon the implied contract to pay the mortgage or upon an implied contract of indemnity. Since there would be no breach of the latter contract until loss was sustained by the grantor, no cause of action founded upon such contract would accrue, and consequently the statute of limitations against an action so founded would not begin to run, until loss was sustained by the grantor. *Peterson* v. *Abbe*, 234 Mass. 467. But there was no express provision for indemnity in the deed from the plaintiff to the defendant and the provision that the grantee assumes and agrees to pay the mortgage, without more, does not import an obligation to indemnify the grantor for loss alternative to the obligation to pay the mortgage debt at its maturity. It follows that the plaintiff's only cause of action accrued on July 17, 1924, the statute of limitations then began to run in favor of the defendant, and, six years having expired before this action was commenced, the action is barred unless the running of the statute was tolled. In this respect the case is distinguishable from *Peterson* v. *Abbe*, 234 Mass. 467.

On the facts agreed the running of the statute was tolled by the defendant's payment of interest. The defendant's obligation to pay the note secured by the mortgage included the obligation to pay interest thereon, though the obligation of the defendant to make such payment ran to the plaintiff, the mortgagor. Payment according to the defendant's contract with the plaintiff was to be made to the mortgagee. The payments to the mortgagee made by the defendant up to within less than six years before the time this action was commenced were — as is expressly agreed by the parties to the action — payments of "the interest . . . as it became due." This language is not susceptible of interpretation or inference other than that the payments of interest were in accordance with the terms of the note and consequently in part performance of the defendant's obligation to the plaintiff, that is, they were part payments by the defendant of his obligation to the plaintiff. The effect of part payment of an obligation upon the running of the statute depends upon the circumstances in which such part payment is made. But in the absence, as here, of anything to the contrary, such a part payment is an acknowledgment of the obligation and implies a promise of payment thereof which interrupts the running of the statute. *Foster* v. *Starkey,* 12 Cush. 324, 327. *Taylor* v. *Foster,* 132 Mass. 30, 33. *Gillingham* v. *Brown,* 178 Mass. 417, 422. *Wenz* v. *Wenz,* 222 Mass. 314, 321. The payments made by the defendant were not the less acknowledgments of the obligation now sued on because made to a third party and not to the obligee thereof, since it was of the essence of the obligation that payments be so made. See *Tuttle* v. *Armstead,* 53 Conn. 175, 180–181. See also *Cucullu* v. *Hernandez,* 103 U. S. 105, 112.

The requests for rulings need not be discussed in detail. If the agreed statement of facts constituted a case stated (*Frati* v. *Jannini,* 226 Mass. 430, 431) these requests are immaterial since it was the duty of the trial judge to make a correct decision on the case stated, and a report of such a decision presented to the Appellate Division, and presents to this court on appeal, all questions of law raised by the

case stated and involved in the decision. *Howland* v. *Stowe*, 290 Mass. 142, 146–147. *Antoun* v. *Commonwealth*, *ante*, 80. The long line of decisions of this court holding that an exception to a general finding on evidence, or a report thereof, presents no question to the appellate court (see *Baker* v. *Davis*, 299. Mass. 345, 348, and cases cited; *Korb* v. *Albany Carpet Cleaning Co.* 301 Mass. 317, 318) are inapplicable to a case heard upon a case stated. See *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166–167. If, however, the agreed statement of facts is regarded as a statement of facts submitted to the trial court as evidence (*Frati* v. *Jannini*, 226 Mass. 430, 431), while the requests for rulings are not immaterial, and in some respects the rulings made thereon were erroneous, these erroneous rulings did not vitiate the finding for the plaintiff which was required as matter of law on the facts agreed, as the trial judge in. effect ruled by granting the plaintiff's request for a ruling "that upon all the law and the evidence . . . the plaintiff is entitled to recover."

*Order dismissing report affirmed.*