Lenhoff, J.
These proceedings involve the sellers of realty (Plaintiffs) seeking damages from the buyers (Defendants) for the failure of the Defendants to pay an F.H.A. (Farmer’s Home Administration) mortgage debt. Said action arises from the Defendants’ acceptance of a deed from the Plaintiffs wherein the premises were conveyed subject to the F.H.A. mortgage in question, and the Defendants did “agree to assume the same and to hold the Seller harmless with respect thereto."
The answer of the Defendants sets forth that said mortgage was discharged but that they neither actually or impliedly promised to pay the underlying debt then due that was secured by said F.H.A. mortgage.
Both parties filed motions for summary judgment; and, after hearing, the Trial Court found for the Plaintiffs, assessing damages in the sum of $43,934.99, attorneys’and paralegal fees in the sum of $3,241.25 and costs in the sum of $156.50.
The Defendants, claiming to be aggrieved by the judgment thus rendered, took appropriate steps to have this. Appellate Division determine the matter reported.
The trial Court, after hearing the parties, reviewing the pleadings, considering the motions for summary judgment with their supporting affidavits;[3] and, taking cognizance of the cases of Locke v. Homer, 131 Mass. 93, 109 (1881), Flynn v. Kinrick, 285 Mass. 446, 448-449 (1934), Consumers Savings Bank v. Cohen, 8 Mass. App. Ct. 594 (1979), Papamichail v. Holyoke Mutual Insurance Co., 8 Mass. App. Ct. 849 (1979), and Nutter v. Mroczka, 303 Mass. 343, 345-346 (1939), concluded that there was no issue of material fact to be resolved. See Dist./Mun. Cts. R. Civ. P., Rule 56 (c) and Attorney General v. Baily, 386 Mass. 367, 370-371 (1982). Accordingly, the Trial Court caused judgment to be entered for the Plaintiffs.
This tribunal holds that the entry of judgment by the Trial Court for the Plaintiffs was correct.
*72 Notwithstanding the foregoing, we direct special attention to the Defendants’ contention that the.Trial Court erred in its assessment of attorneys’ and paralegal fees by reason of the Plaintiffs’ prosecution of the instant action. Said Defendants cite the case of Fuss v. Fuss, 372 Mass. 64, 70 (1977) wherein it is indicated that the general rule in this Commonwealth is that a litigant must bear his own expense for attorneys’ fees with same recoverable only in a restricted class of cases. Further, we note the following language appearing in Leventhal v. Krinsky, 325 Mass. 336, 341 (1950): —
Reasonable attorneys’fees are recoverable when parties contract for their payment, as in mortgage foreclosure cases or in agreements for indemnity or contracts to advance money.
In the case of Nutter v. Mroczka, 303 Mass. 343, 346 (1939), we find language which clarifies the issue now being considered. In the case at bar, unlike the facts in Nutter v. Mroczka, supra, the deed provides that the grantees “assume” the F.H.A. mortgage plus the grantors are to be held harmless. As stated in Nutter v. Mroczka, supra, at page 346, where a deed employs verbiage that both “assumes” payment, and also provides for indemnification, the Plaintiffs have the option to either institute suit upon the implied contract to pay the mortgage, or, to proceed on an implied contract of indemnity. Since an implied contract of indemnity is not breached until the grantors sustain a loss, no cause of action founded upon such contract would accrue. .. .until the loss was sustained by the grantors.
In this matter, the Plaintiffs have not paid the F.H.A. underlying debt due that the Defendants had assumed. Hence, these proceedings are not based or founded on an implied contract of indemnity, but are grounded upon the breach of contract to pay said debt due for which the mortgage was given as security. Consequently, the law relative to counsel fees falls within the ambit of Fuss v. Fuss, supra-, not within Leventhal v. Krinsky, supra. Therefore, attorneys’ and paralegal fees are not to be recovered, and the Trial Court has erred in this respect.
Concluding, the Appellate Division, finding no error in the entered judgment for the Plaintiffs thereby upholds same. However, as there is error found relating to the assessment of attorneys’ and paralegal fees, the Trial Court’s entered judgment on August 24, 1988 is modified by striking therefrom the following: — “Attorneys’and paralegal fees $3,241.25.” In all other particulars, said judgment be and is hereby affirmed.

 The affidavit of the Defendant, Brian P. Peterson, had attached to same, a copy of the discharge of the F.H.A. assumed mortgage, which discharge stated therein that the lien of the described property in the mortgage is released but that it did not release the underlying note listed in the mortgage