Sherman, P.J.
This is an action in contract to enforce a divorce agreement executed by the defendant and her former husband by which the defendant assumed a debt of $7,919.50 for goods sold and delivered by the plaintiff. The defendant has appealed the trial court’s allowance of the plaintiff’s Dist./Mun. Cts. R. Civ. E, Rule 56 motion for summary judgment.
The material facts are undisputed. Prior to November, 1989, Anthony Samsel (“Samsel”) operated an unincorporated business known as Tewksbury Gardens with the assistance of his then wife, defendant Kathleen M. (Shinners) Samsel (“Shinners” or “the defendant”). The plaintiff sold and delivered plants, bulbs and other goods to Tewksbury Gardens which, at the time of this suit, had an outstanding account balance with the plaintiff of $7,864.50.
Defendant Shinners and Samsel divorced in 1989. In conjunction with the divorce proceedings, they executed and filed in the Probate Court on November 29,1989 an Agreement by which Samsel conveyed to Shinners the real estate upon which Tewksbury Gardens was situated in return for Shinners’ assumption of twelve specified debts owed by Samsel. The Agreement expressly identified plaintiff Vandenburg Bulb Company as one of Samsel’s twelve creditors, and listed the amount of the debt owed to the plaintiff and assumed by defendant Shinners as $7,919.50.
*206 Shinners thereafter breached the Agreement by refusing to make payment to the plaintiff. On May 16,1990, the plaintiff brought this action to recover $7,864.50 for goods sold and delivered. Shinners denied any personal liability to the plaintiff, and answered that any debt owed was that of Samsel, her former husband.
In March, 1994, the plaintiff filed a motion for summary judgment which was predicated in part on the defendant’s contractual assumption in the November, 1989 Agreement of Samsel’s obligation to the plaintiff. The defendant filed a cross-motion for summary judgment on the sole ground that the plaintiff was not a party to the 1989 Agreement and was thus not entitled to bring an action to enforce the terms thereof. The trial court, after hearing, allowed the plaintiffs Rule 56 motion, denied the defendant’s cross-motion and entered summary judgment for the plaintiff.
1. The “privity of contract” rule, relied upon by the defendant to preclude the plaintiff’s enforcement of the 1989 Agreement to which the plaintiff was not a party, was set aside by the Supreme Judicial Court in 1979 in Choate, Hall & Stewart v. SCA Services, Inc., 378 Mass. 535 (1979). Thus contrary to the defendant’s principal contention, it is now well established in this Commonwealth that an “intended” beneficiary of the “creditor type” may bring suit on a contract to which he was not a party to enforce the contractual obligations of the promisor. Id. at 543-545. See also, Rae v. Air Speed, Inc., 386 Mass. 187, 194 (1982). “[Wjhen one person, for a valuable consideration, engages with another, by simple contract, to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement.” Flattery v. Gregory, 397 Mass. 143, 148 (1986).
2. Equally devoid of merit is the defendant’s alternative argument that the plaintiff is not entitled to recover for the defendant’s breach of the Agreement because the plaintiff failed to establish that it was an “intended” rather than merely “incidental” beneficiary of the Agreement. See Ayala v. Boston Housing Authority, 404 Mass. 689, 699 (1989); First Hartford Realty Corp. v. Corporate Prop. Investors, 12 Mass. App. Ct. 911, 912 (1981).
[A] beneficiary of a promisor is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and... (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; ...
RESTATEMENT (SECOND) OF CONTRACTS, §302(1) (1981). The Agreement in this case expressly and unambiguously identified the amount of $7,919.50 as a monetary debt owed by Samsel to plaintiff Vandenburg Bulb Company, and provided for defendant Shinner’s assumption of such debt in return for Samsel’s real estate conveyance to her. The defendant’s performance of her promise to assume and pay the debt in question would have satisfied Samsel’s obligation to the plaintiff, and the plaintiff’s right to obtain satisfaction from the defendant was obviously intended by the parties. The plaintiff was, therefore, an intended beneficiary of the creditor type of the Agreement in question and entitled to recover for the defendant’s breach thereof. The fact that the defendant and Samsel executed the Agreement for their mutual benefit, as the defendant argues, is neither inconsistent with their clearly expressed, additional intention to benefit the plaintiff, nor dispositive of the plaintiffs obvious status as an intended beneficiary. Choate, Hall & Stewart v. SCA Services, Inc., supra at 548.
As there are no material issues of fact herein, and as the plaintiff demonstrated that it was entitled as a matter of law to a judgment in its favor, there was no error in the allowance of the plaintiff’s Rule 56 motion. Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983). The trial court’s entry of summary judgment in favor of the plaintiff is affirmed.
Report dismissed.
So ordered.