Merrick, PJ.
The plaintiffs brought this action as third-party beneficiaries under a Separation Agreement to which they were not parties, and under which defendant Elizabeth E. Robinson (“Elizabeth”) assumed and agreed to pay a promissory note to which she was not a party.
On April 17,1980, Elizabeth’s then husband, Richard E. Robinson (“Richard”) ,[3] executed under seal a $5,000.00 promissory note in favor of the plaintiffs to obtain a loan for a corporation he controlled. Richard signed the note in his individual capacity and as president of the corporation. The note was to be paid
*156 in three (3) years from this date, with interest thereon at an annual rate of Fifteen (15%) percent payable in Thirty-six (36) monthly installments of One Hundred Seventy-Three and 33/100 ($173.00) Dollars commencing one month from the date of execution of this note. If any default be made in the payment of any installment and such default continues for Thirty (30) days, the whole sum then remaining unpaid shall, at the option of the holder hereof, become due and payable on demand.
While Elizabeth was not a party to the note, she executed a mortgage with Richard on their home to secure the note.[4] No payments, even of interest, were ever made.
On April 27, 1990, the Robinsons entered into a Separation Agreement which recited execution by each as “signed and sealed” and which constituted, therefore, a contract under seal. G.L.c. 4, §9; Nalbandian v. Hanson Restaurant & Lounge, Inc., 369 Mass. 150, 155 (1975). Under Exhibit A of the Agreement, entitled “Division of Real Property,” the Robinsons contracted for Richard to convey the family home to Elizabeth in consideration of $12,500.00 and Elizabeth’s promise that:
[T]he Wife shall assume and be responsible for any and all obligations and/or debts associated with the property, including but not limited to the mortgage with the Warren Five; as well as the mortgage to Josephine Vakerlis and Phyllis Aceta, d/b/a Weetype [the plaintiffe], and any other debts associated with the property, whether by way of attachment or mortgage on the property.
The record reflects that no demand for payment was made on Elizabeth until the commencement of this action in 1998. The parties filed cross-motions for summary judgment. Pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C, Elizabeth has appealed the grant of summary judgment to the plaintiffs and the denial of her summary judgment motion. The plaintiffs have cross-appealed the judge’s denial of their Mass. R. Civ. P., Rule 59(a), motion to compound interest on a monthly basis from 1980.
1. The cross-motions for summary judgment addressed the issue of whether the plaintiffs were third-party beneficiaries under the Separation Agreement and thus entitled to enforce directly a claim against Elizabeth. We consider the promise of Elizabeth to “assume and be responsible for any and all obligations and/or debts associated with the property, including but not limited to ... the mortgage to [the plaintiffs]” to be the classic obligation of those who “assume and agree to part’ a mortgage. The grantee, Elizabeth, became obligated to pay the note. Nutter v. Mroczka, 303 Mass. 343, 345 (1939); Bloch v. Budish, 279 Mass. 102, 106 (1932).
Prior to 1979, when a grantee took property, either subject to a mortgage or assuming and agreeing to pay it, the mortgagee could “still look to the mortgagor for payment and to the land secured by the mortgage but he acquire [d] no right to collect from the grantee personally.”[5] Conway Savings Bank v. Vinick, 287 Mass. 448, 451 (1934). Bloch v. Budish, supra at 106. However, in its 1979 decision in Cho *157 ate, Hall & Stewart v. SCA Services, Inc., 378 Mass. 535 (1979), the Supreme Judicial Court abandoned prior law and adopted the general American rule that “‘creditor’ beneficiaries may sue on contracts to which they were not parties.” Id. at 543. Creditor beneficiaries are those defined in RESTATEMENT (SECOND) OF CONTRACTS §302 (1981).[6] Rae v. Air-Speed, Inc., 386 Mass. 187, 195 (1982). Comment b to §302 states:
Promise to pay the promisee’s debt. The type of beneficiary covered by Subsection (1) (a) is often referred to as a ‘creditor beneficiary.’ In such cases the promisee is surety for the promisor, the promise is an asset of the promisee, and a direct action by the beneficiary against the promisor is normally appropriate to carry out the intention of promisor and promisee, even though no intention is manifested to give the beneficiary the benefit of the promised performance.
The plaintiffs in this case are creditor beneficiaries within the meaning of §302 (1) (a) because Elizabeth’s payment of the debt would satisfy Richard’s obligation to pay money to the plaintiffs. Gilmore v. Century Bank & Trust Co., 20 Mass. App. Ct. 49, 56-57 (1985). Where a party assumes and agrees to pay the mortgage of another, the mortgagee is a creditor beneficiary of that agreement, entitled to assert its rights directly. Papamechail v. Holyoke Mut. Ins. Co., 8 Mass. App. Ct. 849, 851-852 (1979). We have previously upheld the right of a business creditor of the husband to claim against his wife, who took the property under an agreement incorporated in a divorce decree, in which she also assumed and agreed to pay the business creditor. Vandenburg Bulb Co. v. Shinners, 1994 Mass. App. Div. 205, 206.
2. In her own motion for summary judgment, Elizabeth argued that this action is barred by the statute of limitations. She relied upon the following language in Nutter v. Mroczka, supra at 344-345:
The defendant, however, by accepting this deed containing the provision that he ‘assumes and agrees to pay’ the mortgage became bound to do so by reason of his promise implied from such acceptance whereby an obligation was created in the nature of simple [implied] contract, and not in the nature of a contract under seal.
Elizabeth argues that the agreement to assume and be responsible for the mortgage is only a simple implied contract, governed by the six year statute of limitations set forth in G.L.c. 260, §2. We need not identify the event that triggers the commencement of the limitations period in this case. In Nutter, the obligor merely accepted a deed assuming and agreeing to pay the mortgage. In the present case, Elizabeth executed a sealed instrument undertaking that obligation. The applicable limitations period is the twenty years prescribed by G.L.c. 260, §1.
The trial judge ruled correctly on the cross-motions for summary judgment.
3. The plaintiffs have also appealed the judge’s refusal to grant them interest compounded monthly. Compound interest is the periodic calculation of additional interest on the interest that has already come due. The issue is of great signifi- *158 canoe in the present case. The note principal of $5,000.00 at fifteen (15%) percent from April, 1980 to the present would amount to approximately $20,000.00. With 15% interest compounded monthly, the balance on the $5,000.00 note would exceed $95,000.00.
The payment schedule does not, as the plaintiffs assert, reflect a calculation of compound interest.[7] “Nothing suggests compounding. Without express agreement interest is not due on overdue interest.” D’Annolfo v. D'Annolfo Constr. Co., 39 Mass. App. Ct. 189, 193 (1995), citing Shapiro v. Bailen, 293 Mass. 121, 123-134 (1936). “It has long been settled that interest on interest cannot be recovered, although payment has been demanded, because of ‘the ancient unwillingness to allow compound interest.’” Ellis v. Sullivan, 241 Mass. 60, 64 (1922).
However, the calculation of interest in this case does not begin on the date of demand on Elizabeth, which was apparently the date the complaint was filed. Section 6C of G.L.c. 231 provides:
In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of the court, at such contractual rate, or at the rate of twelve per cent per annum from the date of the commencement of the action....
The plaintiffs are entitled to interest at the rate of 15% from April 17,1980 to date. ‘The reasoning of the rule is that there is an implied contract between the parties that the same interest rate shall continue after maturity as before.” Roberts v. Grise, 387 Mass. 1004, 1005 (1982). See also Lamprey v. Mason, 148 Mass. 231, 235 (1889).
Summary judgment is affirmed. Simple interest at 15% is to be assessed from April 17,1980.
So ordered.

 Richard was initially a defendant in this action, but he is of parts unknown and the suit against him has been voluntarily dismissed.

 Contrary to the plaintiffs’ suggestion, the fact that the mortgage deed is under seal is without significance in' this case. The mortgage deed provides security for the note. It creates a lien on Elizabeth’s home, but no independent obligation for her to pay the note.

 In that situation, the mortgagee might be substituted in equity to enforce the mortgagor’s right of indemnification, once it arose, against the grantee. However, at least under prior law, if the mortgagor’s obligation to the mortgagee was discharged in bankruptcy, so then was the obligation of the grantee to indemnify. Bloch v. Budisil, supra at 106-107. One of Elizabeth’s briefs in the trial court asserts that Richard’s obligation to the plaintiffs was discharged in bankruptcy. That declaration was not included in an affidavit or other source where it could have been considered by the trial judge, and we do not consider it on this appeal.

 “§302. Intended and Incidental Beneficiaries. (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance. (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.”

 Rather, the schedule shows the portions of the payment for each month to be applied to interest first, and then principal. The interest on the $5,000.00 for the first month at 15% is $62.50 ($5,000.00 x 15% = $750.00/12 = $62.50). So the schedule reflects $62.50 on the first month’s payment of $173.33 applied to interest and the balance of $110.83 applied to principal, reducing the principal balance to $4,889.17. One month’s interest on the latter figure, $621.11, is credited from the second payment of $173.33 and so on each month, until the final payment applies $2.14 to interest and $171.91 to principal, reducing the balance to zero. The schedule thus reflects nothing more than the monthly calculation of 15% simple interest on the anticipated unpaid principal balance.