H. M. & G. M. CUTHBERTSON v. SAMUEL HILL.

Orleans County, 1893.

Before :   Rowell, Start and Thompson, JJ.

*Statute of limitations.   Payment to one partner applied on
partnership debt.*

If a debtor furnishes to one of two partners an article for his own
    use, which is credited upon the partnership debt by the
    other partner at the direction of the first, given in the
    presence of the debtor and without objection on his part, it
    will operate as a payment upon the partnership indebted-
    ness within the statute of limitations.

   Assumpsit.   Pleas, the general issue and statute of limit-
ations.   Heard on the report of a referee at the February.
term, 1893, Ross, Ch. J., presiding.   Judgment for the
plaintiffs.   The defendant excepts.   The opinion states the
case.

*George M. Powers* for the defendant.

The potatoes could not be credited upon the partnership account without the express assent of the defendant. It is not enough that he made no objection. 1 Wait Act. and Def. 81; 2 Chitty Con. 1,380 and note; *Butterfield* v. *Hartson*, 7 N. H. 345; *Warren* v. *Batchelder*, 15 N. H. 129; 1 Pars. Con. 220.

*J. P. Lamson* for the plaintiffs.

The application having been made without any contrary direction by the defendant and without objection from him, will interrupt the running of the statute. *Carlis* v. *Grow*, 58 Vt. 702; *Robbin* v. *Briggs*, 59 Vt. 443.

The opinion of the court was delivered by

START, J.   The cause of action is barred by the statute of limitations, unless it is saved from its operation by a credit of six bushels of potatoes, delivered by the defendant to one of the plaintiffs, H. M. Cuthbertson, for use in his family, and credited upon the account in question by G. W. Cuthbertson, by the direction of H. M. Cuthbertson, given in the presence of the defendant and without objection on his part.

From the circumstances under which the potatoes were delivered and credited on the plaintiff's account it may be fairly inferred that the parties intended that the defendant should have credit for them. It is not claimed that there was any other account or demand on which they could have been credited. There is nothing in the case to indicate that the defendant intended any other application. He knew that the potatoes were being placed to his credit and made no objection, and he must be held to have acquiesced in the application. He could not, under the circumstances, have

intended any other application. The potatoes having been credited as the defendant understood they were to be, they must stand as a proper credit and have the effect to save the account from the operation of the statute. The case of *Robie* v. *Briggs*, 59 Vt. 443, and the cases there cited, are sufficient authority for this holding.

*Judgment affirmed.*