## SARAH M. MITCHELL *vs.* WILLIAM H. THOMAS.

Suffolk. _ January 6, 1908. — February 26, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Statute of Limitations.   Evidence,* Of payment.   *Bills and Notes.   Payment.*

At the trial of an action upon a promissory note by the payee against the maker, the defence relied upon was that the period of limitation had passed. Upon the back of the .note was indorsed a payment with a date within a time less than the statutory period before the action was brought, and the plaintiff, subject to exception by the defendant, testified that the indorsement was written upon the note by him in the presence of the defendant, who saw it made and who at the same time paid to the plaintiff the amount stated in the indorsement to have been paid. The defendant contended that the case was within the provisions of R. L. c. 202, § 13, that no indorsement of a payment of the principal or interest of a note, written on the note by the party to whom such payment had been made, should be sufficient proof of the payment to take the case out of the provision of the statute of limitations. *Held,* that, there being other evidence sufficient to prove the payment besides the indorsement, the statute did not apply.   .        .        .

CONTRACT upon four promissory notes.   Writ in the Municipal Court of the City of Boston dated May 24, 1904.

On appeal to the Superior Court, the case was tried before *Bishop,* J.   The notes were dated, respectively, June 8 and June 13, 1893, September 28, 1895, and February 28, 1896.   The defendant denied the signatures and set up the statute of limitations.   The plaintiff testified that, previous to June 1, 1898, she had repeatedly asked the defendant to pay the notes, and that he always had put her off; that, he having said he wanted to see the notes, she carried them down to his place of business on June 1, 1898, and asked him to pay a little on them; that he gave her $5, and that she sat down at the desk in his presence and indorsed $1 on three of the notes and $2 on the other, and that he saw her do it.   The defendant objected to the admission of all evidence concerning the payment of $5 and its indorsement upon the notes, on the ground that, "Where a note comes within the statute of limitations, it is not permitted to the plaintiff to testify to any payment made," and excepted to the ruling of the presiding judge admitting such evidence.

The evidence of the defendant tended to controvert that of the plaintiff, and, at the close of the evidence, he asked the presiding judge to rule that upon all the evidence a verdict should be given for the defendant; and that "part payment of a note cannot be proved by an indorsement made by the party herself, and, there being no other evidence of payment in this case, that the verdict should be for the defendant." The presiding judge refused to give the rulings requested, but did instruct the jury that the indorsements on the backs of the notes were not sufficient evidence to take the notes out of the provisions of the statute, and, that, if the case rested upon the indorsements, they could not find for the plaintiff; but that that was not the whole of the case; that the ground of recovery, if they found the plaintiff ought to recover, was the testimony as to payment as stated by the plaintiff in her evidence, and that the case rested upon her testimony as against the testimony for the defendant.

The jury found for the plaintiff, and the defendant alleged exceptions.

The case was submitted on briefs.

*J. F. O'Connell & W. F. McNamara*, for the defendant.

*F. S. Harlow*, for the plaintiff.

RUGG, J. The defendant has argued that testimony by the payee of notes, to the effect that the maker made a certain payment to her before the statute of limitations had run, and that, thereupon, in the maker's presence, the payee wrote an indorsement of payment on the back of each of the notes in suit, and that he then promised to pay the balance due, was inadmissible. There is nothing in this contention. Under R. L. c. 202, §13, a mere indorsement of payment by the holder of a note, standing by itself and without corroboration from circumstances or other evidence, is not sufficient to lift the bar of the statute of limitations. But this statute has no application where there is evidence outside the indorsement. *Sibley* v. *Phelps*, 6 Cush. 172. The plaintiff's testimony as to the circumstances, under which the payment and the indorsements were made, and the accompanying conversation, was ample to show a payment made within six years by the defendant. The rulings requested by the defendant were properly refused, and those given by the Superior Court aptly stated the law applicable to the issues and the evi-

dence.  The case is so clear that the exceptions appear frivolous.
Therefore, double costs are imposed, and interest at the rate
of twelve per cent a year upon the amount found due as debt,
from the time when the exceptions were allowed, and it is

*So ordered.*