## RUST v. YOUNG et al.  SAME v. ALLEN.  SAME v. SESSFORD.

(Court of Appeals of District of Columbia.  Submitted March 8, 1922.  Decided April 3, 1922.)

### Nos. 3698–3700.

1. **Dismissal and nonsuit** ⊜⇒5—**Plaintiff may voluntarily dismiss, if defendant has asked no affirmative relief.**

Plaintiff may voluntarily dismiss or discontinue before verdict, if no affirmative relief has been asked by the defendant.

2. **Landlord and tenant** ⊜⇒200(1½)—**Rent commission can fix rates, notwithstanding landlord's directions to dismiss proceedings.**

Where the landlord had filed applications with the rent commission for an increase in rents, but thereafter had directed the commission to dismiss his complaints, the commission nevertheless had jurisdiction to proceed to fix the rents, under Rent Law, § 106, authorizing a determination by the commission, either on its own initiative or on complaint.

Appeals from the Rent Commission.

Proceedings by H. L. Rust against Mrs. C. H. Young and others, by H. L. Rust, as agent for Charles K. Hudson, against C. W. Allen, and by H. L. Rust, as agent for Charles K. Hudson, against H. W. Sessford, for fixing of rents by the Rent Commission.  From orders of the Commission, fixing the rents, the complainant appeals in each case.  Affirmed.

Joseph T. Sherier and Jesse C. Adkins, both of Washington, D. C., for appellant.

T. J. Hart, of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice.  These appeals are from the decisions of the rent commission fixing the rates of rental on certain apartments in this city.

Appellant filed applications with the rent commission for an increase in the rentals on the apartments in question.  The tenants answered, requesting that the rents be left at the same rate that they were then paying.  Thereafter appellant directed the rent commission to dismiss his complaints.  The requests were denied, and appellant was notified that the cases had been set for hearing before the commission on the date named in the notices.  Appellant refused to appear, and the commission proceeded to enter the orders complained of, establishing the rates of rental to be charged per month.

The principal complaint here is that the commission was without authority to proceed after plaintiff had filed directions to dismiss the complaints.

[1, 2] It is well settled that the plaintiff in a legal proceeding may voluntarily dismiss or discontinue his action before verdict, if no affirmative relief has been asked by the defendant.  Bradshaw v. Earnshaw, 11 App. D. C. 495; Rudolph v. Sensener, 39 App. D. C. 385.  The rent commission, however, is a special tribunal, whose jurisdiction is expressly provided for by statute.  Section 106 of the Rent Law (41 Stat. 298) authorizes a determination by the commission, either "upon its

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

own initiative" or upon complaint. This is intended to give the commission wide discretion in its supervision of the matter of adjusting rentals in this District. Had the commission dismissed the complaints at the request of the plaintiff, it still would have authority on its own initiative to serve notice upon the plaintiff, and proceed to adjudicate the matters involved in these cases. In other words, it could either proceed upon its own motion, or retain the cases and proceed upon the complaints of the plaintiff. In either case, it was acting within its jurisdiction.

The decision of the commission is affirmed.