OLIVE LARIVIERE, administratrix, *vs.* WILFRED LARIVIERE & others.

Barnstable.    November 14, 1939. — December 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Limitations, Statute of.*

Acknowledgment of liability, tolling the statute of limitations, on three notes, two of them interest bearing, properly was found upon testimony by the payee, refreshing his recollection by a record in a book, of payments, not indorsed on the notes, of interest upon each note within six years before the payee filed a claim to enforce them.

PETITION, filed on January 16, 1939, in the Probate Court for the county of Barnstable.

The case was heard by *Campbell, J.*; and in this court was submitted on briefs.

*S. H. Burrell*, for the appellants.

*P. M. Swift*, for the claimant.

FIELD, C.J.    Olive Lariviere, administratrix of the estate of her husband, Louis Lariviere, late of Barnstable, de-

ceased, claiming debts due her from said estate upon certain promissory notes, filed in the Probate Court, under G. L. (Ter. Ed.) c. 197, § 6, a statement of her claims in writing. The parties did not agree upon an arbitrator. See § 7. After a hearing by the court, a decree was entered allowing said claims upon three promissory notes of the deceased, payable on demand to the order of the claimant, dated respectively January 25, 1932, May 13, 1932, and May 21, 1932 — the first and third being expressed to be with interest. Persons interested in the estate appealed. The judge made a report of material facts and the evidence is reported.

There was no error.

According to the findings of fact made by the judge and embodied in the report of material facts, the deceased gave the promissory notes to the claimant on the dates thereof, respectively, for money then lent by the claimant to the deceased; and the claimant and the deceased were married to each other on August 11, 1934. The evidence reported amply supports these findings, and there is no contention to the contrary. The deceased, therefore, became liable to the claimant on the notes and continued to be liable thereon up to the time of the marriage. The marriage, however, suspended the right of the claimant to enforce this liability, but did not extinguish it or render the notes void. Since the notes were valid when given, in the absence of any defence thereto other than the marriage they can be enforced by the claimant against the estate of the deceased. *Martin* v. *Martin*, 146 Mass. 517, 518. *Crosby* v. *Clem*, 209 Mass. 193, 194. *Giles* v. *Giles*, 279 Mass. 284, 285.

The appellants' sole contention is that recovery by the claimant is barred by the statute of limitations. The burden of proving that process was sued out within the period of limitations was on the claimant. *McCarthy* v. *Simon*, 247 Mass. 514, 519. *Breen* v. *Burns*, 280 Mass. 222, 228. The judge found, however, that a payment of interest on each note was made before the marriage and within six years of the filing of the claim based thereon,

and that such payments interrupted the running of the statute. These payments were not indorsed on the notes. The claimant, however, testified to such payments to her by the deceased. Her testimony, if believed, was sufficient to support a finding that the payments were in fact made and, in the absence, as here, of anything to the contrary, such payments amounted to acknowledgments of liability on these notes, respectively (including the note not expressed to be with interest), raising implied promises to pay them, and, consequently, interrupting the running of the statute. See G. L. (Ter. Ed.) c. 260, § 14; *Foster* v. *Starkey,* 12 Cush. 324, 327; *Nutter* v. *Mroczka,* 303 Mass. 343, 347. See also *Markiewicz* v. *Toton,* 292 Mass. 434, 437. And see *Bamfield* v. *Tupper,* 7 Exch. 27; *In re Rutherford,* 14 Ch. D. 687, 692. Proof of such payments may be made by any competent evidence, including testimony of the payee, as here, and a memorandum in writing is not required. *Williams* v. *Gridley,* 9 Met. 482. *Foster* v. *Starkey,* 12 Cush. 324, 327. *Gilbert* v. *Collins,* 124 Mass. 174, 176. *Mitchell* v. *Thomas,* 197 Mass. 347, 348. G. L. (Ter. Ed.) c. 260, § 14, providing that "no endorsement or memorandum of any such payment [of principal or interest], written or made upon a promissory note . . . by or on behalf of the party to whom such payment has been or purports to have been made, shall be sufficient proof of the payment to take the case out of the provisions of this chapter" on limitations of actions (see *McCarthy* v. *Simon,* 247 Mass. 514, 519), does not preclude proof of such a payment by competent evidence, whether or not it is indorsed on the note. *Sibley* v. *Phelps,* 6 Cush. 172, 173. *Gilbert* v. *Collins,* 124 Mass. 174. *Mitchell* v. *Thomas,* 197 Mass. 347, 348. The claimant in testifying to the payments of interest apparently refreshed her recollection by referring to a book in which she had kept a record of such payments, but the book itself was not put in evidence. No objection was made to the admission of this testimony and we do not suggest that there was any ground for an objection thereto. It was, therefore, proper for the probate judge to consider this testimony, and his

findings indicate that he did so and regarded it as credible. We cannot say that he was plainly wrong in accepting this testimony as credible and, having done so, in reaching a conclusion in favor of the claimant.  See *Harding* v. *Studley*, 294 Mass. 193, 194–196;  *Comstock* v. *Bowles*, 295 Mass. 250, 253–254.

In view of the conclusion reached it is unnecessary to consider the effect, if any, upon the running of the statute of limitations, of the fact that the claimant, the payee of the notes, could not sue the maker thereon while they were husband and wife.  See Williston on Contracts (Rev. ed.), §§ 2011–2013.                          *Decree affirmed.*