MARGARET SUTHERLAND *vs.* AMELIA A. MacLEOD.

Suffolk.    March 4, 1942. — March 31, 1942.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Limitations, Statute of.    Payment.*

Furnishing of board and lodging by a debtor to a creditor under an oral agreement that they should be furnished to enable the debtor to make payments on account of the debt and that the weekly rate thereof should be so applied, caused the right of action upon the debt, previously barred by the statute of limitations, to be revived.

The mere fact that, when receiving a payment on a note barred by the statute of limitations, the creditor asked the debtor and the debtor agreed to renew the note by giving a new note, which was not done, did not require an inference that the debtor by the payment did not acknowledge his obligation or that the right of action was not revived thereby.

CONTRACT. Writ in the Municipal Court of the City of Boston dated March 11, 1941.

The case was heard by *Donovan,* J.

*C. F. Glendon,* for the defendant.

*E. B. Austin,* for the plaintiff.

FIELD, C.J. This action of contract was brought in the Municipal Court of the City of Boston on March 11, 1941, to recover on two promissory notes, each dated in 1915. The defendant pleaded general denial and the statute of limitations. There was a finding for the plaintiff. Re-

quests for rulings to the effect that recovery was barred by the statute of limitations were denied. . A report to the Appellate Division was dismissed and the defendant appealed.

There was no error in the denial of the requests for rulings.

The burden of proving that the action was seasonably commenced was on the plaintiff. *Lariviere* v. *Lariviere*, 304 Mass. 627, 628. Whether the evidence warranted a finding that this burden was. sustained depends upon whether on such evidence it could have been found .that the case was taken out of the operation of the statute by part payment within six years prior to the commencement of the action. See G. L. (Ter. Ed.) c. 260, § 2, First. No other question is presented by the report.

The report recites that there was evidence tending to show, and the trial judge found, that "in 1937 and for the purpose of enabling the defendant to make payments on account of the notes involved in this action plaintiff and defendant made an oral agreement by the terms of which defendant agreed to furnish the plaintiff with room and board at the rate of . . . $7 per week (and did so for eighty-four or eighty-five weeks) and the plaintiff agreed to apply (and did apply) that sum from week to week as payments on account of said notes, that in this manner the defendant paid and received credit in the sum of . . . $587 on account of said notes." Apart from this recital the evidence is set forth in considerable detail. Obviously on this recital, construed strictly, the evidence was sufficient to support the findings since the evidence and the findings were coextensive. But even the evidence stated elsewhere in the report in greater detail, though contradictory, warranted the findings recited, subject, at most, to the limitation that the payments referred to in the findings were to be applied to interest on the notes, rather than "on account of the notes" generally. This limitation, however, would have no material bearing upon the question whether the rulings requested — based upon the. evidence — were denied rightly. A part payment on account of

interest, meeting the other requirements of law, would have the same effect upon the operation of the statute as a part payment on account of the notes generally. *Sigourney* v. *Wetherell*, 6 Met. 553, 564. *Lariviere* v. *Lariviere*, 304 Mass. 627, 628–629. The further finding of the trial judge that the "defendant never in writing acknowledged or promised to pay notes after statute had run against them" was clearly permissible. Indeed, there was no evidence warranting a finding to the contrary. It is apparent that the facts relied on to take the case out of the operation of the statute arose, according to the evidence, within six years prior to the commencement of the action.

Even though the statute of limitations had already run in favor of the defendant against her obligation upon the notes when this action was brought, a part payment on account of the notes or of the interest thereon might take the case out of the operation of the statute up to the time of such part payment. The statute might be waived by part payment. *Alpert* v. *Radner*, 293 Mass. 109, 111. Like principles apply when the part payment is made specifically on a debt barred (see *Pond* v. *Williams*, 1 Gray, 630, 635; *Ramsay* v. *Warner*, 97 Mass. 8, 14) as in a case where such a part payment is made before the statute has run; and a part payment that would interrupt the running of the statute in such a case would revive a debt against which the statute had already run. In a case where part payment is made before the statute has run, the "effect of part payment of an obligation upon the running of the statute depends upon the circumstances in which such part payment is made. But in the absence . . . of anything to the contrary, such a part payment is an acknowledgment of the obligation and implies a promise of payment thereof which interrupts the running of the statute." *Nutter* v. *Mroczka*, 303 Mass. 343, 347, and cases cited. *Lariviere* v. *Lariviere*, 304 Mass. 627, 629.

The defendant contends, in substance, that the furnishing of room and board by her to the plaintiff, though in accordance with an oral agreement that such room and board furnished at a fixed price be applied on the notes

or the interest thereon, could not constitute a medium of part payment within the principle stated. There is no merit in this contention. In *Blanchard* v. *Blanchard*, 122 Mass. 558, 562, it was said with reference to the statute of limitations that "There can be no question that oral agreements are competent to prove that certain payments of money, or that a note, or the transfer of property, or settlement of accounts, or the assuming of certain obligations of a pecuniary character actually performed, are, as between the parties, to be taken as payments on account or in reduction of a particular note or other debt within the meaning of the statute." Though the furnishing of room and board is not specifically mentioned, it is within the reason of this statement of law. See *Bodger* v. *Arch*, 10 Exch. 333. Compare *Kyger* v. *Ryley*, 2 Neb. 20, 22.

The evidence clearly warranted findings that the part payments made by the defendant by furnishing room and board to the plaintiff were made upon the notes now sued on (see *Taylor* v. *Foster*, 132 Mass. 30, 33; *Day* v. *Mayo*, 154 Mass. 472, 474), that such payments were unconditional (compare *Gillingham* v. *Brown*, 178 Mass. 417; *Markiewicz* v. *Toton*, 292 Mass. 434, 435–436), and that they constituted an acknowledgment of the defendant's obligation to the plaintiff upon the notes from which a promise of payment thereof could be implied. No circumstances disclosed by the evidence precluded such findings. Such findings were not precluded, as argued by the defendant, by the plaintiff's testimony "that she asked the defendant if she would renew the notes by giving a new note and although the defendant agreed, the notes were never renewed." This testimony did not require an inference that the defendant by making the part payments did not thereby acknowledge her obligation on the notes and impliedly promise to pay them.

*Order dismissing report affirmed.*