### TENDLER v. L. E. MASSEY, Inc.
### No. 95.

Municipal Court of Appeals for the District of Columbia.

Aug. 16, 1943.

[3] Hiscox v. Jackson, 75 U.S.App.D.C. 293, 127 F.2d 160, 161.

[4] Id.

Morris D. Schwartz, of Washington, D. C., for appellant.

Raymond M. Hudson, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Plaintiff, a member of the Bar, brought action for the value of legal services rendered for the defendant, a corporation engaged in the retail shoe business. Plaintiff offered evidence of the services rendered and the value thereof, and of certain alleged payments on account.

Defendant did not dispute the rendition of the services or their value but, by its pleadings and at the trial, raised the following defenses: (1) That L. E. Massey, president of defendant at the time of the transactions involved, lacked authority to employ plaintiff; (2) that the services rendered by plaintiff were not for the defendant but were for defendant's president personally; (3) that the action was barred by a prior judgment between the same parties involving the same subject-matter; (4) that the action was barred by the statute of limitations. In addition defendant filed a cross-claim or set-off for the value of certain shoes sold by it to plaintiff.

The trial court entered judgment for defendant on plaintiff's claim and awarded defendant judgment against plaintiff on its cross-claim. A general finding was made without indicating the basis for such finding. The record would be in a more satisfactory state for review by this court had the trial court indicated on which of the various issues raised its decision was made.

We find nothing in the record to sustain defendant's contentions that its president lacked authority to employ plaintiff or that the services rendered by plaintiff were not for the corporation. This leaves for consideration the defenses of res judicata and the statute of limitations.

I. The defense of res judicata is based upon a prior action admittedly brought by plaintiff against defendant for the same amount and involving the same services as in the present action, to which the defendant raised the same defenses, except that of res judicata, and filed the same cross-claim, as in the present suit. The record shows that in the former action, after it was called for trial and heard in part, plaintiff submitted to a voluntary non-suit and defendant was awarded judgment for costs. Defendant contends that because it had filed a counter-claim plaintiff could not have taken a non-suit. "Consequently", argues defendant, "by operation of law what the plaintiff actually did in legal effect was to dismiss his action or take a retraxit either of which operated

with prejudice against another action on the same cause of action."

It is well established in this jurisdiction, as a general rule, that a plaintiff may freely take a non-suit at any time before verdict, and that such action is not a bar to a subsequent action by the plaintiff against the defendant on the same cause.[1] It is equally well established that if the defendant has sought affirmative relief, by way of set-off or counter-claim, the plaintiff may not discontinue the action without defendant's consent, and that even though plaintiff fails to prosecute his claim defendant is entitled to a trial of and judgment upon his claim.[2] The record shows nothing more than that plaintiff submitted to a voluntary non-suit. It does not show that defendant objected to the non-suit or sought a trial on its claim. Even if we take defendant's version of the proceedings in the prior suit, as stated in its brief though not appearing in the record, we still find no objection by defendant to the non-suit and no expressed desire to proceed with the hearing on its counter-claim.

From the record we must assume that plaintiff, with the consent of the court and without objection from defendant, took a voluntary non-suit; and, under the rules above stated, we hold that defendant failed to establish its plea of a former adjudication.

II. Plaintiff's claim on its face was barred by the statute of limitations unless he proved the alleged payments on account. These payments are based upon purchases of shoes by plaintiff from defendant in the years 1938, 1939 and 1940, which purchases are the basis of defendant's counter-claim. Plaintiff did not pay for the shoes and testified in effect that the shoes were delivered to him as payments on account of his claim against defendant. He testified he offered to pay for the shoes but Mr. Massey, then president of defendant, said "We will just put that on the bill." Mr. Massey testified that there was "a more or less agreement," and the price of the shoes was applied "against the account."

Defendant offered no evidence to contradict this testimony other than an account card which the trial court refused to receive as not being properly proven, and a ledger card offered after the close of the trial but prior to the court's finding, which the court refused to receive as not being timely offered. These records showed an account in the name of the plaintiff charging him with the price of the shoes and further indicating that the account had finally been written off as a bad debt. Defendant contends that both documents should have been received in evidence.

It is not necessary that we decide whether these documents should have been received, nor speculate as to their evidentiary weight had they been admitted. The fact is they were not received in evidence and the trial court did not consider them in making its finding. Consequently, plaintiff's evidence with regard to the payments stood substantially uncontradicted.

Since plaintiff's claim on its face was barred by the statute, the burden of proving part payments was upon him[3] and we think he bore this burden. It seems to us plain from the testimony of plaintiff and Mr. Massey that when plaintiff purchased the shoes it was agreed that instead of plaintiff paying for them the price of the shoes would be credited on plaintiff's claim against the defendant. A part payment sufficient to stop the running of the statute of limitations need not be in money; it may be anything of value so long as treated by the parties as a payment on account.[4]

Reversed with instructions to award a new trial.

---

[1] Barrett v. Virginian R. Co., 250 U. S. 473, 39 S.Ct. 540, 63 L.Ed. 1092; American Electrotype Co., Inc. v. Kerschbaum, 70 App.D.C. 241, 105 F.2d 764; Galloway v. United States, 63 S. Ct. 1077, 87 L.Ed. ——.

[2] McGuire v. Gerstley, 26 App.D.C. 193; Rust v. Young, 51 App.D.C. 351, 279 F. 989; Code 1940, § 16—1903; cf. Federal Rules of Civil Procedure, rule 41, 28 U.S.C.A. following section 723c.

[3] Catholic University v. Waggaman, 32 App.D.C. 307.

[4] McKeon v. Byington, 70 Conn. 429, 39 A. 853; Sutherland v. MacLeod, 311 Mass. 295, 41 N.E.2d 9, 139 A.L.R. 1375; Peabody v. North, 161 Mass. 525, 37 N.E. 744; Lawrence v. Harrington, 122 N.Y. 408, 25 N.E. 406; Cuthbertson v. Hill, 65 Vt. 573, 27 A. 71.