ANTONIO D. MENDES *vs.* MANUEL C. ROCHE.

Bristol.     October 25, 1944. — December 1, 1944.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

Limitations, Statute of. Payment. Practice, Civil, Variance. Pleading, Civil, Declaration.

An oral admission by the maker of an unwitnessed promissory note that, at a time more than six years after its maturity but less than six years before an action was brought thereon, he made a payment of $5 "on the account" and "some agreement . . . to pay the balance," was an unconditional acknowledgment of the debt sufficient to take the case out of the statute of limitations.

There was no variance between a declaration based solely on an unwitnessed promissory note more than six years overdue at the commencement of the action, in which the defendant pleaded the statute of limitations, and proof of the note and that within six years before the action was brought the defendant made an unconditional acknowledgment of the debt.

CONTRACT. Writ in the First District Court of Bristol dated February 7, 1941.

Upon removal to the Superior Court, the case was tried before *Hurley,* J.

The plaintiff's declaration was based solely on the promissory note described in the opinion. One of the contentions stated in the defendant's brief was the following: "The plaintiff declared upon a note, alleging a balance due of $525 with interest at the rate of 6% per year . . . and he proved a balance due of $510 upon a special agreement made after the note had become outlawed by the statute of limitations . . .. The plaintiff proved, therefore, an entirely different case than that alleged and thus barred himself from recovery. . . . In its most favorable aspect, the plaintiff's evidence tended to show such a case as might have served as the basis for an action upon an account stated, which 'gives a new and original cause of action, and the statute of limitations begins to run only from its date.'"

*V. J. Deponte,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

SPALDING, J. This is an action, begun by a writ dated February 7, 1941, on an unwitnessed promissory note dated December 28, 1926, payable one day after date. The defendant pleaded the statute of limitations and that was the only defence relied on. It was agreed that if the plaintiff was entitled to recover the amount was to be $1,070.

After putting the note in evidence, the plaintiff called to the stand one Harlow, an attorney, who testified that the note was placed in his hands for collection and that he had a conference with the defendant on October 24, 1936, at which the defendant admitted that he had made a payment to the plaintiff of $5 "on the account" a "short time before" and had made "some agreement . . . to pay the

balance." Harlow also testified that on December 14, 1938, the defendant made a payment of $15 on the note in these circumstances: the witness, in settling a personal injury claim on behalf of another client, paid a sum of money to the defendant out of which the defendant authorized the witness to deduct $15 and apply it on the note held by the plaintiff. It appeared on cross-examination that at the time of making the second payment the defendant stated that he would pay the balance by instalments as soon as he obtained a job that he was expecting. .

The defendant's testimony was a complete denial of that given by Harlow. At the close of the evidence the defendant made a motion for a directed verdict which was denied subject to the defendant's exception. The judge then submitted the following questions to the jury: (1) "Was a payment of $15 on the note which is in evidence made by the defendant, or by his direction and authority, on December 14, 1938?" (2) "Was a payment of $5 on the note which is in evidence made by the defendant within a few weeks prior to October 24, 1936?"

The defendant excepted to the questions put by the judge and to his refusal to give the following instructions: "4. If the jury shall find that the defendant agreed to pay the note by a new promise, that said new promise was to pay in instalments of a certain amount, and that the $5 claimed to have been paid was so paid in pursuance of said new agreement, the plaintiff can recover in this action only the instalments due to the date of the writ in this action. 5. If the jury shall find that the defendant paid $5 on account of the note, and that such payment was made in part performance of his agreement to pay the balance by instalments, it cannot be inferred that he intended to recognize the circumstances and terms of the old debt as an actual subsisting obligation in any other way, and his intentions are to be determined by his actions, words and the circumstances accompanying and explaining said payment, and if from these actions, words and circumstances the jury is unable to determine at what intervals, and in what amounts further payments were to be made, then the plaintiff can-

not recover in this action." The jury answered both questions in the affirmative and the judge directed a verdict for the plaintiff for the sum agreed upon.

The plaintiff had the burden of proving that the action was seasonably commenced. *Lariviere* v. *Lariviere,* 304 Mass. 627, 628. If the payment of $5 shortly prior to October 24, 1936, was made, the debt was revived and the action was seasonably brought. A payment may be proved by any competent evidence (*Lariviere* v. *Lariviere,* 304 Mass. 627, 629; G. L. [Ter. Ed.] c. 260, § 14) including, as here, an oral admission of the debtor (*Williams* v. *Gridley,* 9 Met. 482), and a memorandum in writing is not required. "The effect of part payment of an obligation upon the running of the statute depends upon the circumstances in which such part payment is made. But in the absence . . . of anything to the contrary, such a part payment is an acknowledgment of the obligation and implies a promise of payment thereof which interrupts the running of the statute." *Nutter* v. *Mroczka,* 303 Mass. 343, 347, and cases cited. In the case at bar there were no circumstances that would warrant an inference that the part payment of $5 was to have any other than its usual effect. Consequently on receiving affirmative answers from the jury to the questions submitted to them, which disposed of the only issue in the case, the judge properly ordered a verdict for the plaintiff for the amount agreed upon.

In view of the evidence, the judge was not required to give the instructions asked for. It is true, as stated in the requests and as argued by the defendant, that where a part payment is made conditioned on paying the balance by instalments the debtor is liable in no other way. *Gillingham* v. *Brown,* 178 Mass. 417. If the only payment had been that of $15 on December 14, 1938, then, in view of the testimony that when this payment was made certain conditions were imposed, the judge would have been obliged to instruct the jury that the plaintiff's rights were limited by the conditions, in accordance with the principles established in *Gillingham* v. *Brown.* But the requests referred only to the first payment. If the jury believed that this payment was

made — and their special verdict shows that they did — it was an unconditional acknowledgment of the debt made less than six years prior to the commencement of the action, from which an unqualified promise to pay the balance is implied. *Sutherland* v. *MacLeod*, 311 Mass. 295, 297. *Nutter* v. *Mroczka*, 303 Mass. 343, 347. There was no evidence, as in *Markiewicz* v. *Toton*, 292 Mass. 434, that would support a finding that the defendant's acknowledgment was qualified by a condition that he would pay the debt in instalments.

There is no merit in the defendant's contention that the questions submitted to the jury precluded any consideration of whether the payments were made at all. We think the jury must have understood that they had to decide the fact as well as the date of payment.

There was no variance between the pleading and the proof, as the defendant contends. The plaintiff could declare on the note without alleging circumstances that would take the case out of the statute. *Blackler* v. *Boott*, 114 Mass. 24, 26.

*Exceptions overruled.*