## MILLER v. SUPER SEAL CONTAINER CORPORATION et al.
### Civil Action No. 24791.

District Court of the United States for the District of Columbia.

Oct. 16, 1945.

---

Judgment for defendants dismissing the complaint.

Julius Aronoff, of Washington, D. C., for plaintiff.

Roy St. Lewis, of Washington, D. C., for defendants.

HOLTZOFF, Justice.

This is an action by A. R. Miller against Gustave Glocker and Clarence Falk, to compel specific performance of an agreement made on August 17, 1939, between the plaintiff and the individual defendants, whereby the defendant Glocker agreed to deliver to the plaintiff 12,000 shares of the capital stock of the Super Seal Container Corporation. The Corporation is joined as a party defendant.

It is not disputed that pursuant to the agreement the plaintiff received in the aggregate 7,000 shares of stock, and that the balance of 5,000 shares were never delivered to him. He seeks to compel delivery of the remaining 5,000 shares.

The defendants rely, first, on the three-year statute of limitations and, second, on a written release executed by the plaintiff.

■ The defense of the statute of limitations was not established. Part of the stock received by the plaintiff under the contract was delivered to him within three years preceding the commencement of the action. It is, of course, an elementary rule that part payment on account of an obligation tolls the statute of limitations, Cooper v. Olcott, 1 App.D.C. 123. This principle is applicable to instances of partial performance other than payments of money, Sutherland v. MacLeod, 311 Mass. 295, 41 N.E.2d 9, 139 A.L.R. 1375; Cuthbertson v. Hill, 65 Vt. 573, 27 A. 71.

■ The defendants' principal reliance is however, on a written release executed by the plaintiff on April 24, 1942. The release is not under seal. The plaintiff contends, first, that the release is void for lack of consideration and, second, that it was obtained by fraud. The first of these contentions is founded on a misconception of the dealings between the parties. True, there appears to be no consideration for the release if its execution is treated as a separate and independent transaction. At about the same time, however, the defendant Falk purchased from the plaintiff 5,000 shares of capital stock of the Super Seal Container Corporation. The oral testimony indicates that this purchase and the execution of the release were part and parcel of a single, entire transaction. It is not necessary that there be a separate consideration for each item of a series of agreements, which were treated by the parties as one. A single consideration suffices for all of them. Restatement of the Law of Contracts, sec. 83; 1 Williston on Contracts, Rev.Ed., sec. 137A. Consequently the contention that there was a lack of consideration falls.

■ It is next claimed that the release was obtained by fraud. Formal and solemn documents, such as a release, are not to be lightly ignored or set aside. Else the security and sanctity of contracts would be shattered, and persons could not deal with one another in reliance upon the binding character of obligations that may be entered into between them. A party seeking to upset a release on the ground of fraud has a heavy burden to sustain. These observations have a peculiar application to the instant case. The plaintiff and the individual defendants are men of education, business experience and sagacity. The court is not confronted with a case of an ignorant or unlettered person who asserts that he has been overreached by his intellectual superiors. The plaintiff and the defendants had been in the investment banking business for a number of years and, apparently, were accustomed to negotiate and handle transactions of the kind involved in this litigation. There is no doubt that the plaintiff realized the full import of the document that he executed.

■ It is the general rule that proof justifying a verdict or decree on the basis of fraud, must be clear and satisfactory, Lalone v. United States, 164 U.S. 255, 257, 17 S.Ct. 74, 41 L.Ed. 425. The rule in this jurisdiction exacts compliance with even a higher standard. In the District of Columbia, fraud must be shown by clear and con-

vincing evidence, Public Motor Service, Inc. v. Standard Oil Co. of New Jersey, 69 App.D.C. 89, 99 F.2d 124, 126. The case cited overruled Milson v. Gerstenberg, 43 App.D.C. 165, 175, which had adhered to the principle that fraud need be established only by a preponderance of evidence.

◼ The plaintiff supports his contention that the release was obtained by fraud by his oral testimony to the effect that at the defendants' request he agreed that 5,000 shares of the stock which he was to receive should be set aside and placed in a pool to which the other individual defendants were to make like contributions, and that the stock so pooled should be sold to a concern known as the Tyner Glass Company, in order to induce the latter to undertake the manufacture and distribution of glass vacuum containers on behalf of the Super Seal Container Corporation. He further testified that he executed the release in reliance on the representation that the 5,000 shares of stock due him were to be so used, but that, as a matter of fact, the negotiations with the Tyner Glass Company had previously reached an unsuccessful termination and no stock was ever turned over to that concern. He asserts that he ascertained these facts subsequently to the execution of the release.

The plaintiff's oral testimony as to the alleged fraud is not corroborated. The individual defendants vehemently deny his story. To be sure, there are some minor contradictions in their testimony, but too much importance should not be attached to this circumstance. As a result of observing their demeanor on the witness stand, the court is inclined to believe that some of these contradictions and inconsistencies were due, in part at least, to the impetuous and at times impulsive manner in which their testimony was given. In this connection, it seems significant that although all of the important transactions between the parties appear to have been in writing, not a scrap of paper is produced to substantiate the alleged agreement to create a pool for the purpose of turning over a block of stock to the Tyner Glass Company. The plaintiff has not sustained the burden of proof resting upon him to establish the charge of fraud by clear and convincing evidence. The release must be deemed valid and binding.

Judgment for the defendants dismissing the complaint on the merits with costs.

Let counsel submit draft of proposed findings of fact and conclusions of law and form of judgment, in accordance with the foregoing opinion.