Keniston, G. J.
This action of contract was begun by writ dated January 27, 1947 to recover for merchandise sold and delivered by the plaintiff to (the defendant, the last item' of the account being dated January 18, 1941. The answer of the defendant included a plea that the claim was barred by the (Statute of Limitations.
At the trial the plaintiff’s credit manager testified that, on January 18, 1941 there was a balance of $490.40 due the plaintiff from the defendant, that in January 1941 the wit *179 ness attended a meeting of the defendant’s creditors at which time the defendant stated he expected to be inducted into the armed forces within three weeks and thereafter requested ¡the creditors to assent to an assignment, that if was the witness’ impression that suit could not be instituted against a man in the military .service and therefore suit was not brought within the six year period.
The court found for the defendant.
The plaintiff claims to be aggrieved by the court’s denial and rulings upon the following requests which were seasonably filed.
1. The court is not warranted in making a finding for the defendant. Denied.
3. And upon all the evidence:
The plaintiff sold and delivered to the defendant merchandise to the value of $490.40, which was a balance on January 18,1941; that the defendant made an assignment for the benefit of creditors in January of 1941, to which assignment the plaintiff did not assent. Wherefore, the defendant owes the plaintiff the sum of $490.40, plus interest from January 18, 1941. A finding for the plaintiff is compelled. Denied.
4. The Statute of Limitations is tolled during the period when the defendant was in the military service of the United States, Blazejowski v. Stadnicki, 317, Mass., p. 352. Yes, allowed as a general proposition, but I am not satisfied on all the evidence defendant was in military service.
The plaintiff’s contention as presented by his brief and oral argument is that the Statute of Limitations being tolled during the time the defendant was in the military service the evidence of the witness of the statements of the defendant that he expected to be inducted into the armed forces required the court to find that the claim was not barred by the Statute of Limitations.
*180 The answer to this contention is that first a mere statement of expectation on the part of the defendant is hardly such proof of the fact that he was later in the military service as to require a finding to that effect, and, second, the court was not compelled to believe the testimony of the witness. Lindenbaum v. N. Y. N. H. & H. RR., 197 Mass. 314. Learned v. Hamburger, 245 Mass. 461, 465. Engel v. Checker Taxi Co., 275 Mass. 471, 476. Ashapa v. Reed, 280 Mass. 514, 517.
The plaintiff further contended in his oral argument that the burden was upon the defendant to prove that he was not in the military service and that the statutory period was not tolled rather than upon the plaintiff to prove that the action was seasonably brought and that the statutory period had been tolled. It' has been repeatedly held that when the Statute of Limitations has been pleaded as a defence the burden is upon the plaintiff to prove that the action was commenced seasonably. Mendes v. Roche, 317 Mass. 321. Sutherland v. MacLeod, 311 Mass. 295. Lariviere v. Lariviere, 304 Mass. 627. Gallo v. Foley, 299 Mass. 1. Ford v. Rogovin, 289 Mass. 549. Breen v. Burns, 280 Mass. 222. McCarthy v. Simon, 247 Mass. 514. Slocum v. Riley, 145 Mass. 370. Report dismissed.