*Municipal Court of the City of Boston*

## BOSTON LAW BOOK COMPANY

v.

## JOHN H. MONTHERO

(Argued: Nov. 10, 1966. Decided: Dec. 8, 1966)

*Present:* Adlow, C.J., Lewiton, Morrissey, J.J.

Case tried to *Glynn, J.* in the Municipal Court of the City of Boston

LEWITON, J. This is an action of contract commenced by writ dated *July 22, 1965* on a declaration alleging a balance due for goods sold and delivered. The defendant pleaded a general denial and payment, and also set up the statute of limitations.

*There was evidence at the trial that* the defendant made a written contract dated *April 29, 1960* with the plaintiff under which the former was to purchase certain law books, and under which the defendant also subscribed for "upkeep service" on said books "at current prices". The purchase price of the initial lot of books was $721, which amount was to be paid with a $40 down payment and subsequent payments of $17.50 per month.

The plaintiff introduced evidence showing that it maintained two accounts for the defendant, one with respect to the initial set of books on which a balance of $194.05 was claimed, and another on account of the subscription services on which the plaintiff claimed $333.00 to

be due. Admittedly, the defendant paid a total of $635, the last payment of $17.50 being made in February, 1964. Both the defendant and the plaintiff's witness agreed that these payments were made on the original purchase account. (However, from the sketchy information set forth in the report we are unable to reconcile this agreed fact with the claimed balance of $194.05 on the purchase account, which originally involved a purchase price of $721. Applying the $635 payments to that account would indicate a balance of only $86 thereon.)

The defendant submitted appropriate requests for rulings to the effect that the plaintiff's claim was governed by the 4-year statute of limitations set forth in the Uniform Commercial Code (G.L. c. 106, §2-729). The trial judge found that there was a "mutual open account" between the parties, and that the action was commenced seasonably, apparently relying on G.L. c. 260, §6[1] pertaining to actions on "mutual open accounts," and found for the plaintiff in the full amount claimed.

The defendant thereafter filed a motion to correct an inconsistency between the court's finding of a "mutual open account" and a prior ruling which had been granted by the court to the effect that "in order to create a

---

[1] In an action of contract brought to recover the balance due upon a mutual and open account current, the cause of action shall be held to have accrued at the time of the last item proved in the account.

'mutual open account' within the statute of limitations, there must be 'mutual' agreement, express or implied, that items of account on the one side and the other are to be set against each other so that the balance on either side is the debt between the parties.'' This motion was heard and denied. The plaintiff, claiming to be aggrieved by the court's finding of an open ''mutual account'' notwithstanding its prior ruling quoted above, and by the denial of the defendant's motion to correct the inconsistency, these matters were reported to the Appellate Division.

There must be a new trial. The above-quoted ruling by the trial judge as to the essential elements of a mutual open account within the statute of limitations was essentially correct.

It is apparent from the evidence that there was in fact no mutual open account between the parties in this case, but rather a simple running account based on credit extended by the plaintiff to the defendant for books sold and delivered and for subscription services furnished to the defendant. At no time were there any amounts due, or claimed to be due, from the plaintiff to the defendant. *Gold* v. *Whitcomb,* 14 Pick. 188; *Parker* v. *Schwartz,* 136 Mass. 30, 31; *Harding* v. *Covell,* 217 Mass. 120, 122-3.

It is conceivable that the relevant facts would warrant a finding that the two alleged

accounts in fact represented a single indebtedness of the defendant to the plaintiff, and that the payment made by the defendant in February 1964 would be sufficient to keep alive the plaintiff's claim for the total balance due. *Sutherland* v. *McLeod,* 311 Mass. 295, 297; *Mendes* v. *Roche,* 317 Mass. 321, 324.

 We are not able to ascertain from the report that the ultimate finding of the trial judge in favor of the plaintiff for the entire amount claimed was based on any such approach. Since it is at least inferable from the report that the finding for the plaintiff was based on the aforementioned errors with respect to an alleged open mutual account, the finding must be vacated and a new trial must be ordered. See: *Markiewicz* v. *Toton,* 292 Mass. 434.

In remanding this case, we should like to stress the great desirability of having the pleadings amended so as to set forth more specifically the claim or claims of the plaintiff and the dates and amounts of payments made by the defendant. This would greatly facilitate a correct determination of the cause at the next trial.

**Finding for the plaintiff vacated. New trial ordered.**

Maxwell Kream of Boston,
 for the plaintiff
Defendant *pro se*